551 A.2d 637

Abu Huda, as Administrator of The Estate of Nadira Huda and Abu Huda, as parent and natural guardian of Irfan Huda and Emran Huda and Abu Huda, in his own right and Shamsul Islam, Appellants *v.* James A. Kirk and ABC Express, Inc., Syed Kabir and Charles T. May and Montgomery Township and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Argued December 15, 1987, before President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three. Reargued September 14, 1988, before President Judge CRUMLISH, JR., and Judges CRAIG, DOYLE, BARRY, COLINS, PALLADINO and McGINLEY.

*Mitchell S. Clair*, with him, *Leonard A. Sloane* and *M. Emmons Stivers, Caine, DiPasqua, Sloane & Raffaele*, for appellants.

*William A. Slotter*, Deputy Attorney General, with him, *LeRoy S. Zimmerman*, Attorney General, for appellees.

OPINION BY JUDGE BARRY, December 15, 1988:

In *Huda v. Kirk*, 536 A.2d 513 (1988), we affirmed an order of the Court of Common Pleas of Montgomery County and held that 42 Pa. C. S. §8528 did not permit an action of wrongful death to be maintained against the Commonwealth. Abu Huda, appellant and plaintiff below, along with his minor children, who had sought to recover damages for the wrongful death of the decedent, requested reargument; we granted their request on April 8, 1988. Following reargument and consideration of this matter, we overrule *Huda* and hold that a *limited* action for wrongful death can be maintained against the Commonwealth.

As we noted in *Huda,* one of the types of damages recoverable against the Commonwealth is loss of consortium. 42 Pa. C. S. §8528(c)(4). In their complaint, appellants seek the following damages. "By reason of the death of the decedent, the said beneficiaries have suffered pecuniary losses, loss of value of the services of the decedent, and the loss of comfort and society of the decedent. Moreover, they have incurred other expenses, including loss of her income, and certain other medical and funeral expenses." (Count 1, paragraph 34). Appellants have argued in both the original argument and the reargument that inclusion of loss of consortium in the types of damages recoverable against the Commonwealth shows the legislative intent to allow recovery for wrongful death. In our original decision in *Huda,* we stated, "The damages which appellants seek in Count 1, paragraph 34, of their complaint, which would have been included in a wrongful death action, are not enumerated in 42 Pa. C. S. §8528(c). . . ." 536 A.2d at 514. Upon reconsideration of this matter, we believe this narrow view is not in keeping with the legislative intent as evidenced by Section 8528(c).

"Consortium" is defined as "[c]onjugal fellowship of husband and wife, and the right of each to the companionship, society, co-operation, affection, and the aid of the other in every conjugal relation." Black's Law Dictionary 280 (5th ed. 1979). Almost a century ago, the Pennsylvania Supreme Court stated:

In the case last cited [Henry & Wife v. Klopfer, 147 Pa. 178, 23 A. 337], it is said: 'The husband is entitled to recover the moneys he has expended or become liable to pay for the medical care and attendance upon his wife during her illness, and for the loss of her services while unable to attend to her domestic duties.' In Cooley on Torts, 226, the general doctrine on the subject is

stated thus: 'For an injury to the wife, either intentionally or negligently caused, which deprives her of the ability to perform services, or lessens that ability, the husband may maintain an action for the loss of service. . . .' Speaking of the origin, etc., of the term 'services,' the same learned author says the word as now understood in connection with claims by husbands for damages, etc., 'implies whatever of aid, assistance, comfort and society the wife would be expected to render to, or bestow upon her husband. . . .' *Kelley v. Mayberry Township*, 154 Pa. 440, 447, 26 A. 595, 597 (1893).[1]

Included in plaintiffs' complaint, *inter alia*, are a wrongful death count and a survival count. The two actions allow two separate and distinct recoveries. An action for wrongful death compensates losses sustained by living individuals as a result of the decedent's death. *Dennick v. Scheiwer*, 381 Pa. 200, 113 A.2d 318 (1955). A survival action, on the other hand, is brought by the decedent's personal representative seeking to recover those damages the decedent could have recovered had he or she survived; any recovery passes through the decedent's estate. *In re Pozzuolo's Estate*, 433 Pa. 185, 249 A.2d 540 (1969). The two actions most often overlap when lost earnings and earning power are involved. In a survival action, the estate is entitled to recover "the loss of earning power less personal maintenance expenses from the time of decedent's death through decedent's estimated working lifespan." *McClinton v. White*, 285 Pa. Superior Ct. 271, 279, 427 A.2d 218,

---

[1] In *Hopkins v. Blanco*, 457 Pa. 90, 320 A.2d 139 (1974), the court held that the Equal Rights Amendment to the Pennsylvania Constitution, Pa. Const. art. 1, §27, mandated that a wife be permitted to recover for the loss of her husband's consortium.

222 (1981). Any amounts the decedent would have contributed to the spouse and children for their support are recoverable under the wrongful death action; any amounts so awarded, however, must be subtracted from the survival action recovery to avoid duplication of damages. *Ferne v. Chadderton,* 363 Pa. 191, 69 A.2d 104 (1949).

Section 8528(c) allows only the following damages to be recovered from the Commonwealth:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions).

42 Pa. C. S. §8528(c). Reviewing these allowable damages in light of the previous discussion the following is clear. In a case involving counts for both wrongful death and survival, the first two items enumerated in Section 8528(c) are recoverable under the latter while the fourth item is recoverable under the former. Of the damages sought by the plaintiffs under their wrongful death action, they may recover for the loss of the value of decedent's services, the loss of the decedent's comfort and society and any contributions decedent would have made to the plaintiffs from her income.

Plaintiffs also are seeking to recover medical and funeral expenses. These damages are normally recoverable under a wrongful death action. 42 Pa. C. S. §8301 (c). Were it not for this express provision in the Judicial Code relating to a wrongful death action, logic would dictate that medical expenses are recoverable under a survival action, for if the decedent had not died, he or she would have been able to sue for those damages. A close reading of Section 8528(c)(3) leaves some question as to how these expenses can be recovered when a death is involved. As medical expenses may be recovered against the Commonwealth, we believe that Sections 8301 and 8528 must be read together to give effect to both provisions. In so doing, we believe that medical expenses are also recoverable under the wrongful death action.

We are finally left with the question of funeral expenses. While allowable normally under Section 8301(c), Section 8528(c) does not permit such damages to be recovered from the Commonwealth. Under a wrongful death action where the Commonwealth is not the defendant, the plaintiff may recover funeral expenses plus costs of administering the decedent's estate. The Legislature, in its wisdom, has chosen to eliminate these last two items of damages from a wrongful death recovery where the Commonwealth is the defendant. We may not interfere with that judgment. While a wrongful death action may be maintained against the Commonwealth, that action is somewhat limited in this regard.

Finally, in our original decision in *Huda,* we cited *Linebaugh v. Lehr,* 351 Pa. Superior Ct. 135, 505 A.2d 303 (1986), for the proposition that a surviving spouse could not maintain a *separate* action for loss of consortium where a spouse has died; rather those damages had to be recovered in a wrongful death action. The Superi-

or Court there was correct in that it was seeking to prevent a double recovery. As the prior discussion shows, double recovery is not at issue in this case. Our reliance on *Linebaugh* for the proposition that a wrongful death action could not be maintained against the Commonwealth was incorrect.

For all of the foregoing reasons, we vacate our prior decision in *Huda*. Accordingly, the decision of the trial court is also vacated and the matter is remanded for further proceedings.

ORDER

NOW, December 15, 1988, the order of the Court of Common Pleas of Montgomery County, dated October 30, 1986, at No. 84-03125, is vacated and the matter is remanded for further proceedings.

Jurisdiction relinquished.

President Judge CRUMLISH, JR. and Judge COLINS concur in result only.

Judge MACPHAIL did not participate in the decision in this case.