### Quinn v. PennDOT

*John N. Salla,* for plaintiffs.
*Robert L. Gallagher,* for defendant.

KEELER, *J.,* January 17, 1990 — Plaintiffs, Carol and Joseph J. Quinn, are the parents of Joseph T. Quinn, the plaintiff decedent. On May 23, 1987, the decedent was a passenger in a vehicle involved in a collision on Baltimore Pike near its intersection with Turner Road in Nether Providence Township, Delaware County, Pennsylvania. Plaintiffs brought the present suit against the Commonwealth alleging various defects and/or dangerous conditions of the roadway at the accident scene. The complaint, under its "first cause of action" seeks, in part, compensation for the deprivation of the deceased's "services, support, maintenance, advice, counsel, help, care, emotional support, companionship, comfort, society, guidance, solace and protection."[1]

Defendant filed a preliminary objection in the nature of a demurrer to plaintiffs' complaint. The preliminary objections challenge the complaint to the extent that it seeks redress for loss of the decedent's consortium by his parents. As is true in most cases where the Commonwealth is a defendant, damages which may be recovered are limited in both scope and amount by the Commonwealth's sovereign immunity statute. 42 Pa.C.S. §8528 (1982). Defendant suggests that plaintiffs' claim for loss of consortium due to the death of their son is improperly advanced as loss of consortium by definition does not contemplate the relationship between parent and child, but is limited to the bond between a husband and wife. Thus, the Commonwealth contends that the loss of consortium excep-

---

1. This court is mindful of an existing split of authority with respect to claims for loss of consortium outside of a marital or conjugal relationship. See Anno., 11 ALR 4th 549 (1982) (children seeking recovery for loss of parent); Anno., 54 ALR 4th 112 (1987) (parent's claim for loss of child).

tion to sovereign immunity does not apply to the present case. See 42 Pa.C.S. §8528(c)(4).

The parties have provided extensive material on this issue and both parties refer to a single case. See *Huda v. Kirk*, 122 Pa. Commw. 129, 551 A.2d 637 (1988). Each side, however, reaches a different conclusion based upon that opinion and it is easy to see why such different positions can be taken from that single opinion. The problem arising from the opinion in *Huda* is that it says one thing but appears to do another. In *Huda*, the court attempts to define "consortium" as part of its analysis and takes a narrow view of its scope. The court defined "consortium" as "conjugal fellowship of husband and wife, and the right of each to the companionship, society, cooperation, affection, and the aid of the other in every conjugal relation." *Id.* at 131, 551 A.2d at 638. (citation omitted) In that case, a husband and his minor children sued the Pennsylvania Department of Transportation for the death of the wife/mother in an automobile accident because of dangerous conditions on the roadway. *Id.* Both the husband and the children sought, among other things, to collect for loss of consortium in their wrongful death claims. Despite the *Huda* court's narrow definition of consortium which would exclude the children from recovering this type of damage, the court appeared to allow the consortium claim of the children to proceed without specifying that only the husband could recover this. *Id.* at 133, 551 A.2d at 639. The inconsistency between the *Huda* court's language and its actions gives rise to the dispute in the instant case. The outcome of this case depends on whether this court decides to follow the definition of "consortium" in *Huda* or the apparent outcome of that case.

The reason the present opinion turns upon the scope of consortium is due to the sovereign immunity statute of this state. See 42 Pa.C.S. §8528(c). Section 8528(c) provides in part:

"Damages shall be recoverable only for:

"(1) Past and future loss of earnings and earning capacity.

"(2) Pain and suffering.

"(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services. . .

"(4) Loss of consortium.

"(5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions)."

Thus, in order for plaintiffs' claim for companionship, comfort, society, etc., to be within an exception to the sovereign immunity, it must be characterized as a claim for loss of consortium. Because section 8528 does not define consortium, this court must look elsewhere to determine whether or not it includes losses arising from the death of a child.

The intent of the legislature in deciding to allow a claim for damages from loss of consortium is important in determining its scope. The present Sovereign Immunity Act was enacted in 1980, together with the Political Subdivision Tort Claims Act. See 42 Pa.C.S. §8553. If the legislature had wanted to provide for recovery from the Commonwealth in situations like the present case, they could have used more specific terms or defined "consortium" in the Sovereign Immunity Act. The legislature did not utilize such an approach. In contrast, the Political Subdivision Tort Claims Act specifically allows recovery of damages for "loss of support" against a political subdivision. See section 8553(c)(5). Since

the present Sovereign Immunity Act was enacted at the same time as the Political Subdivision Tort Claims Act, but uses different language, it is reasonable to assume that the legislature did not intend to allow recovery for the unenumerated variety of damages against the Commonwealth. See 1 Pa.C.S. §1921(c)(5).

In addition to *Huda,* several cases have restricted recovery for loss of consortium to spousal relations. In one case, a mother sued for damages for loss of consortium for her daughter who was seriously injured in a fall from a bridge. Nevertheless, the court held that such damages are limited to cases where a husband sues for injuries to his wife.[2] See *Quinn v. City of Pittsburgh,* 243 Pa. 521, 90 Atl. 353 (1914). More recently, the Superior Court was faced with a case claiming loss of consortium for the abortion of a child. See *Schroeder v. Ear Nose & Throat Associates,* 383 Pa. Super. 440, 557 A.2d 21 (1989). The *Schroeder* court refused to recognize filial consortium and stated that such claims are limited to spouses. These cases demonstrate the lack of any meaningful distinction between situations where the claimant is a parent seeking compensation for the loss of a child's services, as opposed to cases involving a child seeking recovery for loss of a parent's services. The analysis requiring a conjugal relationship under the sovereign immunity statute renders any such claim facially improper.

Based upon the foregoing, this court holds that the definition of "consortium" adopted by the *Huda* court is the appropriate one for the purpose of the Sovereign Immunity Act. Therefore, in suits against

2.  The Equal Rights Amendment to the Pennsylvania Constitution now permits a wife to recover for the loss of her husband's consortium. Pa. Const., Article I, section 27.

this state, a parent is not entitled to recover for loss of consortium resulting from the death of a child and vice versa.[3] This court reconciles its decision to follow the definition in *Huda* with the ultimate outcome in that case by noting that the primary focus in that case was whether a limited wrongful death action could be brought against the state in addition to the survival action. The *Huda* decision merely states that a limited wrongful death action for loss of consortium could be maintained but neglected to qualify that statement by specifying that only the husband could recover this type of damage.

Defendant's preliminary objection is sustained and plaintiffs' complaint is stricken to the extent it seeks recovery for loss of the deceased's "services, support, maintenance, advice, counsel, help, care, emotional support, companionship, comfort, society, guidance, solace, and protection."

---

3. This opinion does not purport to determine the extent of recovery in cases against non-governmental bodies for the loss of a child or parent.