DEPARTMENT OF PUBLIC WEL-
FARE, and Clark Summit State
Hospital, Petitioners,

v.

Lena SCHULTZ, Individually and as
Executrix of the Estate of Steven
Schultz, Deceased, Respondents.

Commonwealth Court of Pennsylvania.

Argued March 4, 2003.

Decided May 2, 2003.

Calvin R. Koons, Harrisburg, for petitioners.

Vincent S. Cimini, Scranton, for respondent.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Clark Summit State Hospital and the Department of Public Welfare appeal an order of the Court of Common Pleas of Lackawanna County, by permission of this Court pursuant to Pa. R.A.P. 1311, that

denied a motion for judgment on the pleadings filed by DPW and the Hospital. The motion sought judgment as a matter of law that, within the context of a wrongful death action and sovereign immunity, a parent cannot recover non-pecuniary losses of maintenance, guidance, support, comfort, companionship and society that a deceased child would have provided. We reverse the trial court.

Steven Schultz, a profoundly retarded, 40–year–old patient at Clark Summit State Hospital, walked out of an unlocked exit door of the hospital on the evening of January 4, 1999, when his attendant's attention was momentarily diverted. Steven was found frozen to death the next day in a wooded area one half mile from the hospital. Steven's mother, Lena Schultz, with whom Steven had lived until he was committed in 1991, brought a wrongful death action under 42 Pa.C.S. § 8301 (Wrongful Death Act), and a survival action under 42 Pa.C.S. § 8302. The parties settled the survival action for $250,000.00. As part of that settlement they agreed that DPW and the Hospital would file a motion for judgment on the pleadings to resolve the question of whether Lena Schultz could recover for the non-economic loss of the society and companionship of her son in the context of the Wrongful Death Act, and the law we know as the Sovereign Immunity Act, 42 Pa.C.S. § 8522. If the trial court granted the motion it would mean that Schultz could not recover the stated damages.

The trial court denied the motion for judgment on the pleadings, finding that "[S]ince it is not absolutely clear as a matter of law that such damages are not recoverable, judgment on the pleadings is inappropriate and must be denied."

(Opinion at 8.) In addition, the trial court certified the matter for immediate appeal pursuant to Pa. R.A.P. 1311(a). DPW and the Hospital filed this appeal.

■ The question we are asked to determine is whether a parent can recover for the non-economic loss of the guidance, support, comfort, maintenance, companionship and society of a child under the Wrongful Death Act in the context of Sovereign Immunity.[1]

DPW and the Hospital argue that no court in the Commonwealth has held that a parent can recover for the non-economic loss of a child; that Steven Schultz was not a child but an adult who did not live at home, and that recovery is barred by Sovereign Immunity.

■ Schultz bases her argument that a parent has a right to recover the damages at issue here on the fact that this Court has found that loss of consortium is recoverable in a wrongful death action against the Commonwealth, *Huda v. Kirk*, 122 Pa.Cmwlth. 129, 551 A.2d 637 (1988), *petition for allowance of appeal denied*, 524 Pa. 613, 569 A.2d 1371 (1989), and that a child may recover against the Commonwealth for the damages at issue here for the loss of a parent, *Quinn v. Commonwealth, Department of Transportation*, 719 A.2d 1105 (Pa.Cmwlth.1998), *petition for allowance of appeal denied* 558 Pa. 635, 737 A.2d 1227 (1991). This action is not, therefore, barred by Sovereign Immunity and the question becomes whether parents have a complementary right to recover the damages that children may recover under *Quinn*. We conclude that they do not.

Appellee's reliance on *Huda* and *Quinn* for the proposition that a parent may re-

---

1. As this matter involves no disputed facts and we consider nothing but questions of law, our standard of review is plenary. *American*

*Appliance v. E.W. Real Estate Management*, 564 Pa. 473, 769 A.2d 444 (2001).

cover non-pecuniary damages for the loss of a child is misplaced. In *Huda* we determined that a wrongful death action could be maintained against the Commonwealth for certain limited damages, including loss of consortium. In *Quinn* we concluded that children had a similar right to recovery that arose from the Wrongful Death Act and not from the common law theory of consortium. Here is what we said in *Quinn:*

> Accordingly, this Court concludes that an item of damages such as that claimed here for loss to a child of such services as guidance, tutelage and moral upbringing is recoverable, not under a general theory of loss of parental consortium, but as part of the damages that have been held to be recoverable under the Wrongful Death Act.

719 A.2d at 1110.

 We find no support in our law for the proposition that a parent may recover for the non-economic loss of the guidance, support, comfort, maintenance, companionship and society of a child under the Wrongful Death Act in the context of Sovereign Immunity and we conclude as a matter of law that such damages are not recoverable.

Accordingly, the order of the trial court in this matter is reversed.

### ORDER

AND NOW, this 2nd day of May 2003, the order of the Court of Common Pleas of Lackawanna County in this matter is reversed.

CONCURRING OPINION BY Judge LEADBETTER.

I join in the holding of the majority, and with its essential analysis. I write separately to note that, contrary to the majority's statement in dicta, I believe that the action is barred by the Sovereign Immunity Act. 42 Pa.C.S. § 8528(c), which limits damages recoverable under the Act, provides:

(c) Types of losses recognized—Damages shall be recoverable *only* for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions).

(Emphasis added).

Since Mrs. Schultz's asserted damages for loss of society and companionship of her son do not fall in any of these categories, they are excluded.[1]

---

1. Pennsylvania appellate caselaw clearly establishes that loss of consortium is a claim available only to a spouse. *Schroeder v. Ear, Nose and Throat Assoc.*, 383 Pa.Super. 440, 557 A.2d 21 (1989). The decision in *Quinn v. Department of Transportation*, 719 A.2d 1105 (1998), did not change this rule. *Id.* at 1109.