557 A.2d 21

Michael SCHROEDER and Wendy Schroeder, Husband and Wife, and Lauren Schroeder, A Minor, By and Through her Natural Parents, Michael and Wendy Schroeder, Appellants,

v.

EAR, NOSE AND THROAT ASSOCIATES OF LEHIGH VALLEY, INC., Peter E. Farrell, M.D., and Charles S. McConnel, Jr., M.D., Appellees.

Superior Court of Pennsylvania.

Submitted Jan. 10, 1989.

Filed April 14, 1989.

Edward J. Carreiro, Montgomery, for appellants.

Marla J. Melman, Allentown, for appellees.

Before WIEAND, MONTEMURO and HOFFMAN, JJ.

MONTEMURO, Judge:

This is an appeal from an Order granting in part and denying in part appellees' Preliminary Objections in a medical malpractice action.

On June 8, 1984, as the result of a cough which had persisted since the previous February despite treatment by appellees, a chest x-ray was taken of appellant Wendy Schroeder. Although the x-ray revealed the presence of adenopathy, an enlargement of the lymph glands commonly associated with Hodgkin's disease, appellant was not informed of this diagnosis nor that a C–T scan was recommended by the radiologist. Shortly after the x-ray was taken, appellant became pregnant with her second child. Because of appellant's pregnancy, a C–T scan suggested in July by appellees to determine the cause of the cough was cancelled, still without explanation to appellant of the results of the June radiograph. In September, while under the care of an oncologist, appellant was diagnosed as suffering from stage II–B Hodgkin's disease, and underwent extensive surgical and other treatment, during the course of which appellant's pregnancy was terminated.

In August, 1986 the instant suit was filed, alleging that appellees were negligent in their care and treatment of appellant, and in their failure to inform her of the results of the x-ray. The complaint also alleged breach of warranty, and loss of spousal consortium by appellant's husband. On behalf of appellant's minor child, Lauren, a claim was entered for loss of parental consortium, and on behalf of appellant, her husband and Lauren, recovery was sought for loss of the "services, society and companionship" of the aborted fetus. In response to appellees' preliminary objections, all the counts of the complaint which concerned Lauren's loss of consortium claims were stricken, as was the claim for damages for the loss of the child in utero. This appeal followed.

Because the order appealed from dismisses only some of a multi-count complaint, we must first determine whether the order is appealable, a question of jurisdiction which may be raised *sua sponte. Danko Development Corp. v. Econocast Corp.,* 369 Pa.Super. 120, 534 A.2d 1108 (1987).

The general rule is that orders which dispose of a complaint only partially are interlocutory and not appealable.

*Praisner v. Stocker,* 313 Pa.Super. 332, 459 A.2d 1255 (1983).

> However, the general rule is not without exceptions. Where the dismissal of one count or several counts of a multi-count complaint has the effect of precluding the plaintiff from pursuing the *merits of separate and distinct causes of action, the order sustaining preliminary objections is then final, not interlocutory, with respect to those causes of action dismissed.* The plaintiff is "out of court" with respect thereto. *This is to be distinguished from the situation in which separate counts have been used to state alternate theories to support recovery on the same cause of action. In such cases, the dismissal of one count does not prevent the plaintiff from proceeding to a determination of the underlying cause of action.*

*Danko, supra,* 369 Pa.Super. at 126, 534 A.2d at 1113 (emphasis added), quoting *Cloverleaf Development v. Horizon Financial F.A.,* 347 Pa.Super. 75, 81, 500 A.2d 163, 166–7 (1985) (citations omitted).

[1] Under this exception, Lauren is clearly "out of court" with respect to her claim for loss of parental consortium. The order is therefore final as to her. The next inquiry is whether the facts averred are sufficient to establish a legal cause of action. *Steiner by Steiner v. Bell Telephone Co.,* 358 Pa.Super. 505, 517 A.2d 1348 (1986), *allocatur granted,* 516 Pa. 627, 532 A.2d 437 (1987). They are not. Appellant's argument, that Lauren is entitled to recovery for injury to her mother, has been been disposed of by this court in *Steiner by Steiner v. Bell Telephone Co., supra,* and our Order refusing to recognize loss of parental consortium as a cause of action has been affirmed without opinion. *Id.,* 518 Pa. 57, 540 A.2d 266 (1988). *See also, Keirs v. Weber National Stores,* 352 Pa.Super. 111, 507 A.2d 406 (1986), 518 Pa. 57, 540 A.2d 266 (1988). Therefore the claim on behalf of Lauren was properly dismissed.

Loss of consortium claims of a spouse are regarded as distinct rights of action. *See* 21 *Standard Pennsylvania*

*Practice 2d* § 116:48 (1984). By analogy, therefore the claim with respect to the fetus may also be examined under the sufficiency standard. However, like the claim of appellant's daughter, we find that it states no legal cause of action.

■ Any action for loss of consortium is derivative, depending for its viability upon the substantive merit of the injured party's claims. *See Boarts v. McCord,* 354 Pa.Super. 96, 511 A.2d 204 (1986). Here the injured party is the fetus aborted during appellant's treatment. Loss of filial consortium has never been legally recognized as a cause of action in this Commonwealth, and those cases involving infant deaths have never dealt squarely with the issue. *See, e.g., Boarts, supra.*

■ Appellants cite *Scott v. Kopp,* 494 Pa. 487, 431 A.2d 959 (1981), for the proposition that "since parents may recover pain and suffering for the loss of a child as an element of damage suffered because of injuries sustained to the person of the Plaintiff.... Appellants should be allowed to recover as an item of damage the society and companionship of the unborn child." (Appellants' Brief at 9.) However, this is a misreading of *Scott,* which does allow the mother compensation for pain and suffering under the No–Fault Act, but on grounds that she was injured in the accident.

The right to enter claims for loss of consortium have, consistent with the seminal case of *Quinn v. City of Pittsburgh,* 243 Pa. 521, 90 A. 353 (1914), been limited to spouses. To paraphrase this court's conclusion in *Steiner, supra:*

> We conclude that because there is no constitutional mandate compelling us to recognize a cause of action for loss of [filial] consortium, because there is presently no legal basis for allowing the cause of action, because there is no general or growing consensus that such a cause of action should be established, and because to allow such a cause of action is a policy determination which can most thoroughly and representatively be considered by the legisla-

ture, we do not recognize a [parent's] cause of action for loss of a [child's] consortium due to tortious interference of a third party.

*Id.*, 358 Pa.Superior Ct. at 522, 517 A.2d at 1357.

Order affirmed.