OPINION BY
 

 HUDOCK, Judge:
 

 This matter comes to us from an order of the Pennsylvania Supreme Court which remanded the action to our Court, 537 Pa. 232, 643 A.2d 61 (1994). The Supreme Court granted allocatur following our unpublished memorandum decision at
 
 Jackson v. Tastykake, Inc.,
 
 414 Pa.Super. 657, 598 A.2d 1336 (1991). The matter originally came before our Court in an appeal from the grant of preliminary objections in the form of a demurrer in favor of Appellees. The trial court’s opinion in support of its order stated that Appellants had failed to state a cause of action for recovery under the Pennsylvania Wrongful Death and Survival Statutes for the death of a child born prematurely, and who lived outside the womb for only ten hours.
 
 [1]
 
 The trial court did not address the other preliminary objections raised by Appellees.
 
 [2]
 
 Following our review of the
 
 *36
 
 appeal, we reversed and remanded to the trial court to permit Appellants to amend their complaint to allege that the decedent was viable at the point of death as was required by the state of the law in Pennsylvania. Pursuant to the petition for allocatur, the Supreme Court remanded to us following their decision in
 
 Hudak v. Georgy,
 
 535 Pa. 152, 634 A.2d 600 (1993), which held that an “infant born alive is, without qualification, a person. Since live birth has always been and should remain a clear line of demarcation, an action for wrongful death and survival can be maintained on behalf of the [decedents].”
 
 Id.
 
 at 157, 634 A.2d at 603. We were ordered by the Supreme Court to consider the remaining issues presented by Appellants in their appeal to our Court.
 

 The issues raised by Appellants in their initial appeal were:
 

 (1) Whether the trial court erred in its determination that the pleadings of the plaintiffs failed to state a cause of action under Pennsylvania law pursuant to the Wrongful Death Act or the Survival Statute[?]
 

 (2) Whether the trial court abused its discretion in granting the defendant’s Preliminary Objections in the Nature of a Demurrer and dismissing the plaintiffs’ Complaint with prejudice^]
 

 Appellants’ Brief at p. 3.
 

 As we held originally, Appellants’ cause of action under the Wrongful Death and Survival Statutes was determined by the trial court to be impeded by the failure to plead viability. Because that element is now not required, it is apparent that Appellants have stated a cause of action under those two statutes, and we therefore would remand for reinstatement of Appellants’ cause of action relating to those two statutes.
 

 
 *37
 
 That, however, does not end our consideration because Appellees raised two additional preliminary objections, which must be resolved. The standard of review this Court applies when reviewing a grant of preliminary objections in the nature of a demurrer is quite strict.
 

 A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain the demurrer, it is essential that the plaintiffs complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. If there is any doubt, this should be resolved in favor of overruling the demurrer.
 

 Gekas v. Shapp,
 
 469 Pa. 1, 5-6, 364 A.2d 691, 693 (1976) (citations omitted).
 

 First, Appellees claim that Appellants are barred from any recovery because of the Workers’ Compensation Law. 77 Pa.S. § 1
 
 et seq.
 
 The facts as pled were that Mrs. Jackson was at work when she went into premature labor. As a result of that labor, the Appellant-child was born at 26 weeks gestation. This child died some 10 hours after delivery. Appellees argue that the Workers’ Compensation Law bars Appellants’ recovery and cites the following language of the act:
 

 The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.
 

 77 Pa.S. § 481(a) (footnotes omitted). Appellees would have us find that the injury involved in this incident is Mrs. Jackson’s premature labor. This would be true if the injury claimed by Appellants was that to Mrs. Jackson.
 
 See Northeastern Hosp. v. W.C.A.B.,
 
 134 Pa.Cmwlth. 164, 578 A.2d 83 (1990) (where plaintiff went into premature labor which was
 
 *38
 
 brought on by the conditions of her employment). That, however, is not the injury that is claimed. Appellants are claiming an injury to the child, and that is an entirely different type of injury, one not covered by the Workers’ Compensation Law. Injury is defined by the Workers’ Compensation Act, in pertinent part, as follows:
 

 The terms “injury” and “personal injury,” as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto,____
 

 77 Pa.S. § 411(1).
 

 Were we to follow Appellees’ reasoning to its logical conclusion, we would have to find that the Workers’ Compensation Law would prohibit the recovery by a relative who was visiting the employee at the job site when an accident occurred causing injury to the relative. There would be no employer/employee relationship as to the relative, in our hypothetical situation, and clearly the Workers’ Compensation Law would not bar the relative’s recovery for their injury. Similarly, the mere presence of the child
 
 in útero
 
 does not create an employer/employee relationship as to the child, and, consequently, the Workers’ Compensation Law cannot be said to bar recovery by the child for the injury it sustained while present at Tastykake’s facility.
 

 Although not binding precedent on this Court, we find the decision of
 
 Pupo v. Janney Cylinder Co.,
 
 12 D.
 
 &
 
 C.3d 617 (1979), to be based on sound reasoning and, therefore, persuasive. The trial court stated the following in its discussion of the exclusivity provisions of the Workers’ Compensation Law:
 

 Counsel for plaintiffs takes the position that in Pennsylvania the right of a minor to sue for injuries sustained en ventre sa mere is now well established
 
 (Sinkler v. Kneale,
 
 401 Pa. 267, 164 A.2d 93 (1960)), and that a minor’s suit is not barred by the Act solely because the injury to the minor occurred when the mother was injured on the job at a time when the minor was a fetus of approximately 25 weeks. For this reason, asserts counsel, the exclusiveness provision
 
 *39
 
 of the Act cannot be a bar to the minor’s suit for her own injuries. In support of this position, counsel notes that in 77 P.S. § 411(1) the Act defines an injury as follows: “The terms ‘injury’ and ‘personal injury,’ as used in this act,
 
 shall be construed to mean an injury to an employe,
 
 regardless of his previous physical condition,
 
 arising in the course of his employment and related
 
 thereto.... ” (Emphasis supplied).
 

 We agree that the minor’s cause of action does not derive from any workmen’s compensation claim the parent may have against the employer. Obviously the minor was not an employe within the meaning of the Act and her claim must be decided on its own merits....
 

 Id.
 
 at 619-620. Appellees’ preliminary objection based upon the Workers’ Compensation Act was improperly sustained.
 

 Finally, we turn to the preliminary objection raised concerning whether Appellants are entitled to base a cause of action on loss of the child’s companionship, comfort and society (consortium). Our decision in
 
 McCaskill v. Philadelphia Housing Authority,
 
 419 Pa.Super. 313, 615 A.2d 382 (1992), disposes of this issue as follows:
 

 We now turn to the second issue presented in this appeal: whether parents of a fetus can maintain a cause of action for the loss of consortium of their potential child. While McCaskill recognizes that claims for the loss of filial consortium have never been recognized in this jurisdiction, she urges this Court to abandon the established common-law and grant her recovery on this claim. We decline to do so.
 

 In
 
 Quinn v. City of Pittsburgh,
 
 243 Pa. 521, 90 A. 353 (1914), our supreme court stated that claims for loss of consortium are limited to spouses and do not extend to the loss of a child’s consortium. This rule has remained undisturbed as the law of this jurisdiction.
 
 See e.g. Schroeder v. Ear, Nose and Throat
 
 Assoc., 383 Pa.Super. 440, 557 A.2d 21 (1989),
 
 appeal denied,
 
 523 Pa. 650, 567 A.2d 653 (1989);
 
 Brower by Brower v. City of Philadelphia,
 
 124 Pa.Cmwlth. 586, 557 A.2d 48 (1989),
 
 appeal denied,
 
 525 Pa. 604, 575 A.2d 569 (1990).
 

 
 *40
 
 In
 
 Schroeder,
 
 the appellants were the parents of a fetus which was aborted during the course of medical treatment for the mother. There, holding that the appellants had put forth no cause of action we stated:
 

 We conclude that because there is no constitutional mandate compelling us to recognize a cause of action for loss of filial consortium, because there is presently no legal basis for allowing the cause of action, because there is no general or growing consensus that such a cause of action should be established, and because to allow such a cause of action is a policy determination which can most thoroughly and representatively be considered by the legislature, we do not recognize a parent’s cause of action for loss of a child’s consortium due to tortious interference of a third party.
 

 Id.
 
 [383 Pa.Super.], at 444-445, 557 A.2d at 23,
 
 paraphrasing Steiner by Steiner v. Bell Telephone Co.,
 
 358 Pa.Super. 505, 522, 517 A.2d 1348, 1357 (1986),
 
 aff'd,
 
 518 Pa. 57, 540 A.2d 266 (1988).
 

 As an intermediate appellate court, we will not recognize this cause of action where there is clear and binding precedent to the contrary.
 
 Quinn,
 
 supra____
 

 Id.
 
 419 Pa.Super. at 318-19, 615 A.2d at 384-385. Therefore, the trial court in our present case properly granted the preliminary objections as to this issue.
 

 We reverse and remand to the trial court to reinstate the complaint on the claim for recovery under the Wrongful Death and Survival Statutes. The Workers’ Compensation Act is not a bar to Appellants’ recovery. Finally, grant of preliminary objections as to loss of filial consortium is affirmed, there being no cause of action in Pennsylvania for recovery under this theory.
 

 Reversed and remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.
 

 [1]
 

 . 42 Pa.C.S. §§ 8301 and 8302.
 

 [2]
 

 . Appellee, Tastykake Inc., raised five (5) preliminary objections:
 

 (1) no cause of action under wrongful death and survival statutes for a non-viable fetus;
 

 (2) [Appellants] barred from recovery by Workers' Compensation Act as exclusive remedy for injuries which allegedly arose during the course of employment;
 

 
 *36
 
 (3) [Appellants’] claim for punitive damages not available in wrongful death action and complaint fails to state a cause of action pursuant to the survival statute; *
 

 (4) [Appellants’] claim for "consortium” of decedent child not a legally cognizable cause of action; and
 

 (5) [Appellants’] claim for the "loss of life’s pleasures” by the decedent child is not a legally cognizable cause of action.
 
 *
 

 *
 

 Appellants acquiesced in Tastykake, Inc.'s preliminary objections on these two claims. They are, therefore, not a part of the original appeal before our Court.