# Ehrman v. Mid-American Waste Systems of Pa. Inc.

C.P. of Allegheny County, no. GD96-18035.

*Roger L. Wise,* for plaintiffs.
*John W. Zotter,* for defendants.

WETTICK, *J.,* December 14, 1998—This is a wrongful death and survival action arising out of the death of a 19-year-old girl (Heather Ehrman) in a traffic accident caused by defendants' negligence. Heather was unmarried and had no children or siblings. She was survived by both parents. The wrongful death count includes claims for damages from the loss of aid, companionship, and services that the deceased would have furnished her parents.

The subject of this opinion and order of court is defendants' motion for partial judgment on the pleadings. Defendants contend that a wrongful death claim may not include a damage award to a parent for the

loss of aid, companionship, and services that an adult child would have provided.[1]

In this case, Heather's parents are not contending that Heather had been providing financial support to her parents or furnishing specific services upon which her parents relied. They base their loss of aid-companionship-services claim on the following testimony that they will offer at trial:

Heather, an only child, was very involved in her parents' lives. She had a helping and caring personality and her relationship with her parents had been one of closeness, love and assistance. Consequently, as her parents aged, she would have begun to perform household chores for her parents. In times of illness, she would have transported her parents to the doctor and provided nursing care and living assistance. Her parents would have received loving care from a child rather than care offered by a stranger. She would have provided financial assistance if her parents experienced any financial difficulties. Under powers of attorney she would have managed her parents' lives and affairs if they were no longer able to do so.

Counsel for plaintiffs recognizes that settled Pennsylvania appellate court case law limits loss of consortium claims to spouses. When a parent is injured, a child may not bring a loss of consortium claim against the tort-feasor to recover damages for loss of the services, aid, and companionship that the parent would have otherwise provided. *Schroeder v. Ear, Nose and Throat*

---

1. Defendants have admitted liability. Defendants are not seriously disputing the economic losses described in plaintiffs' expert report. However, defendants are not willing to pay the substantial sums of money that plaintiffs seek for loss of aid, companionship, and services.

*Associates of Lehigh Valley Inc.,* 383 Pa. Super. 440, 557 A.2d 21 (1989); *Steiner by Steiner v. Bell Telephone Co.,* 358 Pa. Super. 505, 517 A.2d 1348 (1986), *aff'd per curiam,* 518 Pa. 57, 540 A.2d 266 (1988); *Wapner v. Somers,* 428 Pa. Super. 187, 630 A.2d 885 (1993). When an adult child is injured, a parent may not bring a loss of consortium claim against the tort-feasor to recover damages for loss of the services, aid, and companionship that the child would have otherwise provided.

In *Brower v. City of Philadelphia,* 124 Pa. Commw. 586, 557 A.2d 48 (1989), the parents of a 19-year-old child who was rendered a quadriplegic as the result of the defendants' alleged negligence raised a claim for past and future medical expenses; loss of their son's services; and loss of their son's comfort, society, and companionship. Through a motion for summary judgment, the Philadelphia Court of Common Pleas dismissed these claims. On appeal, the Commonwealth Court affirmed. With respect to the parents' claims for loss of their son's services and loss of their son's comfort, society, and companionship, the court stated that Pennsylvania appellate courts continue to follow the 1914 ruling of the Pennsylvania Supreme Court in *Quinn v. Pittsburgh,* 243 Pa. 521, 90 A. 353 (1914), that a parent may not recover damages for loss of consortium of a child. In response to the plaintiffs' contention that the Commonwealth Court should abandon the common-law rule laid down in *Quinn* and its progeny and join the ranks of other "forward looking jurisdictions," which allow claims for loss of a child's comfort, society, and companionship, the court stated that most other states have refused to allow a claim for loss of filial

consortium and that "even if we were to create a new cause of action in Pennsylvania for loss of filial consortium, such cause of action would not be applicable here, because Brian is an adult." *Brower v. City of Philadelphia, supra* at 594, 557 A.2d at 50-51.

In the present case, plaintiffs are not asking that I make a ruling which calls into question the appellate court case law upon which defendants rely based on a reexamination of the soundness of Pennsylvania policy that limits claims for loss of consortium to spouses. Instead, plaintiffs make a very narrow argument.

Loss of consortium is a common-law doctrine. The common-law doctrine which the Pennsylvania appellate courts have created does not recognize a loss of consortium claim for the loss of a child's services, aid, and companionship. Consequently, if the 19-year-old child in this case had been rendered a quadriplegic, her parents could not sue for these losses.

However, the present proceedings involve a wrongful death action. Wrongful death is not a creature of the common law; recovery is governed by statute. *Incollingo v. Ewing,* 444 Pa. 263, 295-96, 282 A.2d 206, 226 (1971). Consequently, the case law governing a common-law loss of consortium claim does not govern this lawsuit. Instead, plaintiffs' claim is governed by the language of the Wrongful Death Act and case law construing this legislation.

Under 42 Pa.C.S. §8301(b), a wrongful death action may be brought for the benefit of parents of the deceased. Under 42 Pa.C.S. §8301(c), the plaintiff in a wrongful death action is entitled to recover "*in addition to other damages,* damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death."

(emphasis added) Plaintiffs contend that the words "other damages" include the loss of services, aid, and companionship.

The parties' briefs did not cite and our research did not locate any appellate case law that has addressed the statutory language in deciding whether the plaintiff in a wrongful death action may recover damages for loss of services, aid, and companionship.[2]

Defendants contend that the Pennsylvania courts use the case law governing the common-law doctrine of loss of consortium in deciding what claims for loss of services-aid-companionship claims may be raised in a wrongful death action and that the Pennsylvania Superior Court has ruled that a parent may not raise these claims in a wrongful death action.

In *Jackson v. Tastykake Inc.,* 437 Pa. Super. 34, 648 A.2d 1214 (1994), parents brought a wrongful death action based on the death of a child born prematurely who lived for only 10 hours.[3] The Pennsylvania Superior Court sustained the defendant's preliminary objections seeking dismissal of the plaintiffs' claims for loss of companionship, comfort, and society. It supported its ruling by relying on its decision in *McCaskill v. Philadelphia Housing Authority,* 419 Pa. Super. 313, 318-19, 615 A.2d 382, 384-85 (1992), where it stated:

"While McCaskill recognizes that claims for the loss of filial consortium have never been recognized in this

2. Counsel for both parties submitted very thorough and thoughtful briefs that were the product of extensive research. Consequently, I do not believe that they overlooked any case law that controls this issue.

3. In *Hudak v. Georgy,* 535 Pa. 152, 634 A.2d 600 (1993), the Pennsylvania Supreme Court ruled that a wrongful death action may be maintained whenever there is a live birth.

jurisdiction, she urges this court to abandon the established common law and grant her recovery on this claim. We decline to do so.

"In *Quinn v. City of Pittsburgh,* 243 Pa. 521, 90 A. 353 (1914), our Supreme Court stated that claims for loss of consortium are limited to spouses and do not extend to the loss of a child's consortium. This rule has remained undisturbed as the law of this jurisdiction. See *e.g., Schroeder v. Ear, Nose and Throat Associates,* 383 Pa. Super. 440, 557 A.2d 21 (1989), *appeal denied,* 523 Pa. 650, 567 A.2d 653 (1989); *Brower by Brower v. City of Philadelphia,* 124 Pa. Commw. 586, 557 A.2d 48 (1989), *appeal denied,* 525 Pa. 604, 575 A.2d 569 (1990).

"In *Schroeder,* the appellants were the parents of a fetus which was aborted during the course of medical treatment for the mother. There, holding that the appellants had put forth no cause of action we stated:

" 'We conclude that because there is no constitutional mandate compelling us to recognize a cause of action for loss of filial consortium, . . . because there is no general or growing consensus that such a cause of action should be established, and because to allow such a cause of action is a policy determination which can most thoroughly and representatively be considered by the legislature, we do not recognize a parent's cause of action for loss of a child's consortium due to tortious interference of a third party.'

"*Id.,* 124 Pa. Commw. at 444-45, 557 A.2d at 23, *paraphrasing Steiner by Steiner v. Bell Telephone Co.,* 358 Pa. Super. 505, 522, 517 A.2d 1348, 1357 (1986), *aff'd,* 518 Pa. 57, 540 A.2d 266 (1988).

"As an intermediate appellate court, we will not recognize this cause of action where there is clear and binding precedent to the contrary. *Quinn, supra.*"

Plaintiffs contend that the *Jackson* case is not controlling because in *Jackson* the parents were raising a separate cause of action in their own right for loss of filial consortium rather than a claim for "other damages" under the wrongful death action. I have difficulty accepting this contention because if the Pennsylvania Superior Court was addressing the issue of whether parents may maintain a separate cause of action for loss of consortium, it would have relied on *Linebaugh v. Lehr,* 351 Pa. Super. 135, 505 A.2d 303 (1996), where the court held that a surviving spouse may not maintain a separate cause of action for loss of consortium in addition to an action brought on behalf of the deceased spouse under the Wrongful Death Act.

While I conclude that the Pennsylvania Superior Court was addressing the right of a parent to recover the value of the loss of services, aid, and companionship in a wrongful death action, it appears that the court simply assumed that the case law governing loss of consortium claims in personal injury actions governs wrongful death claims. The cases which the court cited (*Quinn, Schroeder, Brower by Brower, McCaskill,* and *Steiner by Steiner*) did not involve lawsuits instituted on behalf of plaintiffs entitled to maintain a wrongful death action. *Quinn* was a lawsuit brought by the mother of an injured child; *Schroeder* involved a loss of parental consortium claim arising from a claim of failure to diagnose Hodgkin's disease, resulting in extensive surgical and other treatment of the child's mother including the termination of a pregnancy; *Brower* involved a claim on behalf of the parents of a 19-year-old who was rendered quadriplegic; *McCaskill* involved a claim by

a parent for loss of a 17-week-old fetus which was not viable; and *Steiner by Steiner* involved an action by a child for loss of parental consortium where the parent was injured.

While there is no case law which directly holds that the parents of an adult child may recover for loss of future services, the case law describing a wrongful death action frequently states that the parents are entitled to recover the loss of the value of the services that the child would have rendered.

In *Kiser v. Schulte,* 538 Pa. 219, 648 A.2d 1 (1994), the parents of an 18-year-old passenger killed in an automobile driven by a drunk driver brought a wrongful death and survival action against the driver who joined the host of the reception at which alcohol was served. The jury returned a verdict in the amount of $25,000. The Superior Court vacated the award on the ground that it was inadequate. The Supreme Court affirmed.

The Supreme Court's opinion stated that the jury verdict had no rational relationship to the uncontroverted testimony of the plaintiffs' expert witness that the loss of services to the family resulting from the child's death would be from $11,862.50 to $18,980 and that the net economic loss resulting from her death ranged from $232,400 to $756,081. In his opinion, Justice Montemuro, writing for the court, stated:

"Wrongful death damages are established for the purpose of compensating the spouse, children, or parents of a deceased for pecuniary loss they have sustained as a result of the death of the decedent. . . . *The damages recoverable in a wrongful death action include the present value of the services the deceased would have rendered to the family, had she lived, as well as funeral and medical expenses. Burkett [v. George],* 118 Pa.

Commw. [543] at 546, 545 A.2d [985] at 987 [(Pa. Commw. 1988)]; *Heffner v. Allstate Ins. Co.,* 265 Pa. Super. 181, 190, 401 A.2d 1160, 1164 (1979)." 538 Pa. at 226, 648 A.2d at 4. (emphasis added) (citations omitted)

In *Mecca v. Lukasik,* 366 Pa. Super. 149, 530 A.2d 1334 (1987), parents brought wrongful death and survival actions arising out of the deaths of their teenage children. Each plaintiff was awarded damages of approximately $1 million under the Survival Act and approximately $2.5 million under the wrongful death action. The defendants contended that the awards were excessive. The court rejected the contention, stating that it could not find that its sense of justice was shocked by the verdicts. In its opinion, the court stated:

"Damages for wrongful death are the loss of decedent's life and the loss to his or her family. *Slaseman v. Myers,* 309 Pa. Super. 537, 455 A.2d 1213 (1983). The measure of damages in survival actions is the decedent's pain and suffering and loss of gross earning power from the date of injury until death, and loss of earning power, from time of death through his estimated working life-span." 366 Pa. Super. at 163, 530 A.2d at 1341.

I agree with plaintiffs that the wrongful death award was excessive as a matter of law unless a wrongful death award may include damages for loss of future services that the children would have rendered to their parents.

In *Quinn v. PennDOT,* 1998 W.L. 667423 (Pa. Commw. 1998), wrongful death and survival actions included claims for loss of services that the deceased father would have rendered to his unborn child.[4] The

---

4. I recognize that this case and other cases which I will be citing involve claims of a child raised in a wrongful death action arising

jury awarded $100,000 for the child's loss of these services. Upon appeal, the Commonwealth, citing loss of consortium case law, argued that claims for loss of consortium are limited to spouses. The case law should bar the claims of the child; otherwise the child will be permitted to raise claims in a wrongful death action that could not have been raised if the father was simply disabled. The court ruled that the child was entitled to recover because the loss of services were not awarded "under a general theory of loss of parental consortium, but as part of the damages that have been held to be recoverable under the Wrongful Death Act." *Id.* at 3.

The following cases also support plaintiffs' position:

In *Heffner v. Allstate Insurance Co.,* 265 Pa. Super. 181, 401 A.2d 1160 (1979), *aff'd,* 491 Pa. 447, 421 A.2d 629 (1980), the issue that the court addressed was whether under Pennsylvania's No-Fault Motor Vehicle Insurance Act a widow whose husband had been fatally injured in an auto accident could recover only the survivor's loss benefit and funeral expenses or whether she was also entitled to receive work loss benefits. In its opinion, the Superior Court considered damages that can be recovered in wrongful death and sur-

---

out of the death of a parent while the present case involves claims of a parent raised in a wrongful death action arising out of the death of a child. Since neither a parent nor a child may bring loss of consortium claims for losses resulting from injuries sustained to a child or a parent, and since plaintiff in the present case cannot prevail without showing that the law recognizes "loss of consortium" damages in a wrongful death action that are not recoverable in a common-law tort action, the case law addressing the claims that a child may raise in a wrongful death action arising out of the death of a parent is relevant.

vival actions in determining how to construe the No-Fault Act. The court stated:

"In a wrongful death action the damages include the present value of the services the victim would have rendered to his family had he lived, as well as his funeral expenses. *Swartz v. Smokowitz,* 400 Pa. 109, 161 A.2d 330 (1960); *Gaydos v. Domabyl,* 301 Pa. 523, 533-34, 152 A. 549 (1930). The persons entitled to recover such damages do not include the victim's estate generally, but the 'husband, widow, children, or parents of the deceased, and no other relatives.' " 265 Pa. Super. at 190, 401 A.2d at 1164. (footnote omitted)

In *Walton v. Avco Corporation,* 383 Pa. Super. 518, 557 A.2d 372 (1989), the jury awarded $50,000 for loss of services that the decedent would have contributed as a father to his children. The Superior Court upheld the award to the children, stating that under Pennsylvania law a child can recover in a wrongful death action for loss of companionship, comfort, society, and guidance of a parent. Also see *Buchecker v. Reading Co.,* 271 Pa. Super. 35, 57, 412 A.2d 147, 158 (1979); *Gaydos v. Domabyl,* 301 Pa. 523, 152 A. 549 (1930).

*Schofield v. Piper Aircraft Corp.,* 1988 W.L. 62181 (E.D. Pa. 1988), involved a wrongful death and survival action; it arose out of the death of a 24-year-old child who was survived by his parents. The jury awarded $503,000 in the wrongful death action. The trial court affirmed the ruling on the basis of the evidence describing the deceased's relationship with his parents and the services and comfort that he provided them. The court stated: "As the jury was instructed, plaintiff was entitled to recover the pecuniary value of the services, society and comfort that decedent would have given to his parents had he lived; but no amount for grief or mental suffering." *Id.* at 1. (citations omitted)

In 1930 in *Gaydos v. Domabyl, supra,* 301 Pa. 523, 152 A. 549, the Pennsylvania Supreme Court set aside a judgment in favor of the plaintiffs on the basis of erroneous jury instructions. Its opinion contained a lengthy discussion of damages that may be awarded in a wrongful death action. The opinion stated that "pecuniary loss . . . is broad enough to include the present worth of the value of probable services which would, in the ordinary course of events, be of benefit to one within this class [children, parent, husband or wife]," and that "damages in death cases do not include a claim for mental suffering, grief or distress of mind, . . . nor for the loss of the society or companionship, as such, of children or parents." *Id.* at 530-31, 152 A. at 552. (citation omitted)

Both parties cite *Slaseman v. Myers,* 309 Pa. Super. 537, 455 A.2d 1213 (1983), which contains language supporting both positions. In *Slaseman v. Myers,* the survivors included a wife and two children (probably adults) living at home. The issue before the court was the plaintiff's challenge to the sufficiency of the wrongful death and survival awards. Plaintiffs in the present case rely on the following language in the opinion:

"Damages for wrongful death are the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death. The Wrongful Death Statute, 42 Pa.C.S. §8301 (Purdon Pamp. 1982), compensates the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death. *Sinn v. Burd,* 486 Pa. 146, 151 n.3, 404 A.2d 672, 675 n.3 (1979). This includes the value of services the victim would have rendered to his family if he had lived. *Heffner v. Allstate Insurance Co.,* 265 Pa. Super. 181, 401 A.2d 1160 (1979), *aff'd,* 491 Pa. 447,

421 A.2d 629 (1980)." 309 Pa. Super. at 545, 455 A.2d at 1218.

Defendants rely on the court's discussion of a wrongful death award in a later portion of the opinion:

"Under the Wrongful Death Act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation. The widow is also entitled to the pecuniary value of the services, society and comfort she would have received from the decedent. *Spangler v. Helm's New York-Pittsburgh Motor Express,* 396 Pa. 482, 485, 153 A.2d 490, 492 (1959)." 309 Pa. Super. at 549, 455 A.2d at 1220.

In addition to *Jackson v. Tastykake Inc., supra,* 437 Pa. Super. 34, 648 A.2d 1214, the following cases support defendants' position:

In *Burkett v. George, supra,* 118 Pa. Commw. 543, 545 A.2d 985, the Commonwealth Court considered survival and wrongful death claims arising out of the death of an 18-year-old who had lived at home. The jury awarded wrongful death damages in the amount of $50,000 and did not award any damages in the survival action. The defendants sought a new trial with respect to the wrongful death award, and the plaintiff sought a new trial with respect to the survival action. The trial court set aside the wrongful death award on the ground that the only evidence presented in support of the claim for wrongful death damages was an expenditure of $2,567 for funeral expenses. Hence, the $50,000 wrongful death award bore no relationship to the damages submitted. The Commonwealth Court affirmed, stating that the jury award went beyond mere speculation because the evidence established that the

decedent spent most of his income on his own interests and made no regular contributions to his parents.

*Bortner v. Gladfelter,* 302 Pa. Super. 492, 448 A.2d 1386 (1982), involved a similar fact situation. A wrongful death and survival action was brought on behalf of an 18-year-old who had lived with his parents. The jury determined that the damages in the wrongful death claim were the amount of the funeral expenses ($3,283.70) and awarded no damages in the survival action. The plaintiff sought a new trial. With respect to the wrongful death claim, the court stated that it could not say that the verdict was unreasonable because the evidence was such that the jury could conclude that the decedent's parents sustained no further pecuniary loss as a consequence of their son's death. It referred to evidence showing that at the time of his death, the decedent was being supported primarily by his parents, and that his talents and economic resources were such that his future earnings were limited to those of an automobile mechanic, and the likelihood that those earnings would have been shared with his parents was not great.

The court reached the opposite result with respect to the survival action. It ruled that unrefuted credible evidence established net earnings during the decedent's life expectancy.

In response to the plaintiff's argument that a new trial should also be granted for the wrongful death action because of the court's loss of confidence in the jury deliberations with respect to the survival action, the court stated that wrongful death and survival actions seek to enforce distinct causes of action. The award of damages in each must be based upon considerations which are different from those of the other. Since the verdict in the wrongful death action bore a reasonable

relation to the evidence and only the verdict in the survival action did not, it could not perceive a good reason for requiring a new trial in the wrongful death action.

In *Swartz v. Smokowitz, supra,* 400 Pa. 109, 161 A.2d 330 (1960), the Pennsylvania Supreme Court set aside a jury award under the Wrongful Death Act and the Survival Act in a case involving the death of a 16-year-old. In concluding that the wrongful death award was excessive, the court considered only what the child would have earned until age 21 and the funeral and medical expenses.

In *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979), the Pennsylvania Supreme Court, in a footnote, discussed the measure of damages for the death of a minor in a wrongful death claim: The measure of damages "consists of funeral and medical expenses, plus the total earnings which would have been earned by the child up to the age of 21, minus the cost of maintaining the child during this period, with the resulting amount reduced to its present worth. *Swartz v. Smokowitz,* 400 Pa. 109, 112-13, 161 A.2d 330 (1960)." 486 Pa. at 151-52 n.3, 404 A.2d at 675 n.3.

In *Pearsall v. Emhart Industries Inc.,* 599 F. Supp. 207 (E.D. Pa. 1984), the court stated that absent a strong factual presentation to indicate continued support beyond the age of majority, in an action for the wrongful death of a minor child, parents may recover compensation for services and support only up to the age of majority. Consequently, while it agreed with the defendant's assertion that it was required to charge the jury that it could not award monetary damages for the expected pecuniary value of the children's services and emotional support beyond the age of majority, it also

concluded that its instructions properly included this limitation.

Chapter 6.10 of the Pennsylvania Suggested Standard Civil Jury Instructions covers damages in death cases. These instructions state that damages recoverable under the Wrongful Death Act include a sum which will fairly and adequately compensate the family of the decedent (wife, children, parents, etc.) for the pecuniary value of the services, society, and comfort that the decedent would have given his or her family if he or she had lived, including such elements as work around the house, provision of physical comforts and services, and provision of society and comfort. The suggested instructions also state that the plaintiff on behalf of the surviving children is entitled to be awarded an amount that will fairly compensate for the loss of services the deceased parent would have contributed to his children.

The subcommittee note to section 6.10 begins with the following statement:

"The measure of damages to be awarded in death cases has been subject to much inadvertent confusion over the years, in part because the statutes providing for the survival of causes of action after death do not speak directly to this issue. For this reason, the courts have been called upon to determine the elements of recovery, with somewhat inconsistent results. Only recently the Supreme Court authored an opinion that did much to eliminate the major inconsistency, that between actions brought before death actually occurs and those brought after death. *Incollingo v. Ewing,* 444 Pa. 263, 299, 282 A.2d 206 (1971). *But because each death action involves a particular situation (i.e. married husband, child, supporting son, wife and/or mother), the appropriate measure of damage common to all death cases is the amount of the funeral bill.*" (emphasis added)

The subcommittee note's discussion of "services" states:

"Services performed for the family have pecuniary value, for which the survivors may seek recovery, regardless of the status of the deceased. As a general rule, pecuniary loss . . . is broad enough to include the value of probable services which would, in the ordinary course of events, be of benefit to one within this class [*i.e.* children, parent, husband or wife]. *Gaydos v. Domabyl, supra,* 301 Pa. at 530; accord, *e.g., Haddigan v. Harkins,* 441 F.2d 844 (3d Cir. 1970); *McKee v. Jamestown Baking Co.,* 101 F. Supp. 794, 796 (W.D. Pa.), *aff'd,* 198 F.2d 551 (3d Cir. 1952).

"The services not only include day-to-day activity, but also 'companionship, comfort, society, guidance, solace and protection.' *Spangler v. Helm's New York-Pittsburgh Motor Express,* 396 Pa. 482, 485, 153 A.2d 490 (1959); accord *Filer v. Filer,* 301 Pa. 461, 465-66, 152 A. 567 (1930)."

The cases which the subcommittee note governing services cites do not involve wrongful death claims on behalf of parents arising out of the death of a child. *Gaydos* involves the death of a parent and the other cases involve the death of a spouse. The cases support the position that damages in a wrongful death action include the present value of the services that the decedent would have rendered to his or her family had he or she lived.

This is not true with respect to the statement that the services include companionship, comfort, society, guidance, solace, and protection. Only the *Spangler* case supports this statement. 396 Pa. at 485, 153 A.2d at 492. *Filer* states that a parent's services are more valuable than the services performed by an ordinary servant because of the parent-child relationship. 301

Pa. at 466, 152 A. at 568. *Haddigan* criticizes a portion of the trial court's instruction which stated that the wrongdoer must pay for "loss of companionship, comfort, society, solace and protection," because this language "has the danger of conveying to the jury the misapprehension that in the wrongful death action the survivors can recover for mental suffering, grief, or loss of companionship." 441 F.2d at 852. *Gaydos* states that there cannot be recovery for loss of the society or companionship, as such, of children or parents. 301 Pa. at 530, 152 A. at 552. See p. 247 of this opinion.

I summarize the case law as follows: Each party can find substantial case law supporting that party's position. There is no explanation in the case law for these divergent views. There is no effort to reconcile these divergent views. In fact, the case law does not acknowledge the split of authority.

While I find this to be a close call, I am adopting plaintiffs' position that I should permit the recovery of those damages described by Justice Montemuro in *Kiser v. Schulte, supra* at 226, 648 A.2d at 4:

"The damages recoverable in a wrongful death action include the present value of the services the deceased would have rendered to the family, had she lived, as well as funeral and medical expense."

My reasons for doing so are as follows: First, the *Kiser* discussion is a recent statement of the Pennsylvania Supreme Court. No subsequent opinions of the Pennsylvania appellate courts have considered the impact of this statement on prior case law. The *Kiser* discussion, while inconsistent with the Pennsylvania Superior Court's 1994 ruling in *Jackson v. Tastykake, supra,* is consistent with the Pennsylvania Superior Court's 1987 ruling in *Mecca v. Lukasik, supra.*

Second, the case law governing who may raise claims for loss of aid-companionship-services in wrongful death cases does not mirror the case law governing who may assert these claims in personal injury actions. The case law that I discussed at pages 244-47 of this opinion establishes that damages recoverable under the Wrongful Death Act include the loss of companionship, aid, and guidance that a child has sustained from the death of a parent. See *Quinn v. PennDOT, supra,* where the Commonwealth Court sustained a jury verdict awarding $100,000 for the child's loss of services as a result of the death of his father. Compare *Wapner v. Somers, supra,* and cases cited therein, which hold that when a parent is injured, a child may not bring a loss of parental consortium claim for loss of services, society, and companionship.

Since the language of the Wrongful Death Act does not differentiate between spouses, parents, and children but instead allows, on behalf of any person within this group, claims for "in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death," I do not see how this Act may be construed to allow only spouses and children to raise loss of aid-companionship-services claims. Since the appellate courts are not construing "other damages" to include only those damages recognized in tort law, I do not know of any legal theory that can support the position that parents are barred from recovery of those "other damages" that a child may recover.

Finally, the Pennsylvania Suggested Standard Jury Instructions are consistent with plaintiffs' position that they are entitled to those damages described in *Kiser*

*v. Schulte, supra,* and inconsistent with defendants' position that a wrongful death claim may not include a damage award to a parent for services that a decedent would have rendered to the family had she lived. While these instructions have never been approved by the Supreme Court of Pennsylvania, I am reluctant to construe the law in a manner that is inconsistent with these instructions in the absence of appellate court case law which rather clearly shows that these instructions are incorrect.

For these reasons, I enter the following order of court:

## ORDER

On December 14, 1998, it is hereby ordered that defendants' motion for partial judgment on the pleadings is denied.

Pretrial conference will be held on January 5, 1999 at 9:30 a.m. o'clock.