## Pawlak v. Wharton Township

C.P. of Fayette County, no. 1399 of 1999, G.D.

*James T. Davis,* for plaintiff.
*John W. Zotter,* for defendant.

SOLOMON, *J.,* December 9, 1999—Presently before the court are the preliminary objections of the defendant, Wharton Township, in the nature of a motion to strike a

claim in the wrongful death action and a motion to strike a claim in the survival action.

## BACKGROUND

This action arises out of the death of Jennifer M. Haines, which occurred on July 11, 1998. The decedent was a passenger in a motor vehicle being driven by defendant, Lucas M. Leonardo, when the vehicle left Wharton Township Road 798 and struck a tree. The decedent was pronounced dead at the scene of the accident. This subsequent lawsuit was filed by the decedent's mother, Darlene Pawlak, as administratrix of the estate of Jennifer M. Haines, and includes a claim for wrongful death and a survival action. Defendant, Wharton Township, then filed these preliminary objections.

## DISCUSSION

The first preliminary objection raised by the defendant asserts that Pennsylvania law does not permit a parent of a decedent to claim damages for loss of comfort, aid, and society in a wrongful death action. We agree.

It has been well settled by Pennsylvania case law that the right to enter a claim for loss of consortium is limited to spouses. *Quinn v. Pittsburgh,* 243 Pa. 521, 525, 90 A. 353, 354 (1914). Thus, when a parent is injured, a child may not bring a loss of filial consortium claim against the tort-feasor to recover damages for the loss of comfort, aid, and society that the parent would have otherwise provided. *Schroeder v. Ear, Nose and Throat Associates of Lehigh Valley Inc.,* 383 Pa. Super. 440, 444, 557 A.2d 21, 22-23 (1989). Similarly, a parent may not bring a loss of consortium claim for the injury or death

of a child. *Jackson v. Tastykake Inc.,* 437 Pa. Super. 34, 39-40, 648 A.2d 1214, 1217 (1994). The rule that loss of consortium claims may only be brought by spouses has remained undisturbed as the law of Pennsylvania. *Steiner by Steiner v. Bell Telephone Co.,* 358 Pa. Super. 505, 517 A.2d 1348 (1986); *Brower by Brower v. City of Philadelphia,* 124 Pa. Commw. 586, 557 A.2d 48 (1989), *appeal denied,* 525 Pa. 604, 575 A.2d 569 (1990).

The plaintiff relies upon a recent opinion handed down by the Honorable R. Stanton Wettick Jr., of the Allegheny County Court of Common Pleas, in which the court permitted a parent to maintain a wrongful death action for the loss of filial consortium of a child. *Ehrman v. Mid-American Waste Systems of Pa. Inc.,* 39 D.&C.4th 235 (Allegheny Cty. 1998). The court therein reasoned that prior case law had considered the issue of loss of consortium under the common law; however, the case then before the court was brought under the Wrongful Death Act, 42 Pa.C.S. §8301(b), which allows recovery for "other damages." *Id.* at 239-40. Finding that the appellate courts never addressed the issue of loss of consortium for a parent or child from a statutory perspective, he allowed that a plaintiff could recover under a loss of consortium claim based upon the Wrongful Death Act, 42 Pa.C.S. §8301(b). *Id.* However, absent appellate authority, or specific legislative authority, we are constrained to not follow the holding in *Ehrman.*

The Superior Court, in *Steiner, supra,* succinctly stated the law which controls this issue when it held as follows:

"We conclude that because there is no constitutional mandate compelling us to recognize a cause of action

for loss of parental consortium, because there is presently no legal basis for allowing the cause of action, because there is no general or growing consensus that such a cause of action should be established, and because to allow such a cause of action is a policy determination which can most thoroughly and representatively be considered . . . by the legislature, we do not recognize a child's cause of action for loss of parental consortium due to tortious interference of a third party." *Id.,* 358 Pa. Super. at 522, 517 A.2d at 1357.

The same rule applies equally as well to filial consortium. Therefore, the defendant's motion to strike the claim for loss of consortium must be granted.

We next address the defendant's second preliminary objection which contends that Pennsylvania law does not permit recovery of damages for loss of prospective happiness and enjoyment and pleasures of life in a survival action.

"A survival action . . . is brought by the administrator of [a] decedent's estate in order to recover the loss to the estate of the decedent resulting from [a] tort." *Kiser v. Schulte,* 538 Pa. 219, 226, 648 A.2d 1, 4 (1994). "The measure of damages awarded in a survival action include the decedent's pain and suffering, the loss of gross earning power . . ., and the loss of his earning power—less personal maintenance expenses, from the time of death through his estimated working life span." *Id.* at 226-27, 648 A.2d at 4. Thus, in a survival action, damages are measured only by the *pecuniary loss* to the decedent and his estate, not the loss of prospective happiness and enjoyment and pleasures of life. *Tulewicz v. SEPTA,* 529 Pa. 588, 597, 606 A.2d 427, 431 (1992).

To support her contention, the plaintiff cites, as her only authority, *West's Pennsylvania Forms* §11.5. The defendant contends, and we agree, that no other authority exists for such a claim, and that case law is specifically to the contrary. Therefore, since it has been established that damages are only to be pecuniary in nature, no claim may be made for the decedent's loss of happiness, enjoyment, and pleasures of life.

Lastly, we will address the issue raised by the defendant as to whether this claim for damages is being raised in the survival action, or the wrongful death action. The plaintiff raised this claim, as a general allegation, and did not specify if it was being raised under the survival action or the wrongful death action. Since we have already decided that this claim may not be made in a survival action, we must now determine if it can be made in a wrongful death action.

An "action of wrongful death is not for damages sustained by the decedent but for damages sustained by the plaintiff by reason of the decedent's death." *Dennick v. Scheiwer,* 381 Pa. 200, 201, 113 A.2d 318, 319 (1955). The purpose of the Wrongful Death Act is to compensate certain enumerated relatives of the deceased for the pecuniary loss suffered as a result of the death of the decedent. *Hodge v. Loveland,* 456 Pa. Super. 188, 193, 690 A.2d 243, 246 (1997), reargument denied.

Thus, under a wrongful death action, as with a survival action, the loss is limited to pecuniary loss, and is for damages sustained by relatives of the deceased. Therefore, the claim for damages *suffered by the decedent* for loss of happiness, enjoyment, and pleasures of life is not appropriate since the damages are neither pecuniary nor

sustained by relatives of the decedent. Thus, the defendant's motion to strike the claim for damages for loss of prospective happiness, enjoyment, and pleasures of life must be granted.

### ORDER

And now, December 9, 1999, it is ordered and decreed that the motion of the defendant, Wharton Township, to strike claim for prospective happiness, enjoyment and pleasures of decedent's life, is hereby granted.

It is further ordered and decreed that the motion of the defendant, Wharton Township, to strike claims for comfort, aid and society, is also hereby granted.