## DiGregorio v. Glenn O. Hawbaker Inc.

C.P. of Butler County, no. A.D. 04-10026.

*Raymond J. Conlon,* for plaintiff.
*Richard A. Mills,* for defendant.
*Joseph F. McCarthy III,* for additional defendant PennDOT.
*Bryan Campbell,* for additional defendant IA Construction.

YEAGER, *J.,* December 30, 2004—Before this court for consideration is the defendants', Glenn O. Hawbaker Inc. and Jody E. Clark, preliminary objections to plaintiffs' third amended complaint in civil action. Defendants, Glenn O. Hawbaker and Jody E. Clark, through their preliminary objections, are requesting this court to strike paragraph no. 32(a) and paragraph no. 41(a) of plaintiffs' third amended complaint in civil action. For the following reasons, defendants' preliminary objections to plaintiffs' third amended complaint in civil action have been granted in part and denied in part.

## I. BACKGROUND

This matter arises from a complaint in civil action filed on January 7, 2004, by the plaintiffs, Sandra F. DiGregorio and Kurt A. DiGregorio, co-administrators of the estate of Derek D. DiGregorio, deceased, and Sandra

F. DiGregorio and Kurt A. DiGregorio, in their own right, seeking damages as a result of the death of their son, Derek D. DiGregorio, on August 16, 2003. Defendants filed their answer and new matter on February 17, 2004. Defendants then filed a motion to join additional defendant Pennsylvania Department of Transportation on February 17, 2004, which was subsequently granted. Plaintiffs then filed their amended complaint in civil action on April 7, 2004. Defendants then filed a motion to join additional defendant IA Construction on May 21, 2004, which was also subsequently granted. On July 2, 2004, plaintiffs filed a second amended complaint in civil action. Plaintiffs' third amended complaint in civil action was filed on July 23, 2004. Defendants filed preliminary objections to plaintiffs' third amended complaint and brief in support of preliminary objections to plaintiffs' third amended complaint on August 6, 2004. On December 14, 2004, this court heard oral argument on defendants' preliminary objections to plaintiffs' third amended complaint in civil action. During oral argument, counsel for the defendants presented argument in support of defendants' preliminary objections. Counsel for the plaintiffs offered argument in support of his complaint.

Plaintiffs allege that on or about August 16, 2003, Derek D. DiGregorio was driving his automobile southbound on State Route 38 in the Borough of Eau Claire in Butler County. On that same date, defendant, Jody E. Clark, was operating a tractor-trailer, while in the employ of defendant, Glenn O. Hawbaker Inc., northbound on that same roadway and an accident occurred between the two vehicles. This collision resulted in the death of Derek D. DiGregorio.

## II. DISCUSSION

When considering preliminary objections, the court must accept all material facts set forth in the complaint, as well as all inferences reasonably deducible there-from as admitted and true, and decide whether, based upon the facts averred, recovery is impossible as a matter of law. *Wiernik v. PHH U.S. Mortgage Corp.,* 736 A.2d 616 (Pa. Super. 1999). Further, the courts have stated that when considering preliminary objections, a court is not limited to the review of only the complaint, but may also review evidence by deposition or otherwise. See Pa.R.C.P. 1028(c)(2); *Gale v. Mercy Catholic Medical Center,* 698 A.2d 647, 652 (Pa. Super. 1997). Additionally, the Supreme Court of Pennsylvania has held that preliminary objections should only be sustained in cases that are clear and free from doubt, and that the pleaded facts demonstrate that the pleader will be unable to prove facts sufficient to legally establish a right to relief. See *Pennsylvania AFL-CIO ex rel. George v. Commonwealth,* 563 Pa. 108, 757 A.2d 917, 920 (2000); *Highland Sewer and Water Authority v. Forest Hills Municipal Authority,* 797 A.2d 385, 388 (Pa. Commw. 2002). Moreover, the courts have stated that any doubts regarding the ability of a plaintiff to sufficiently prove facts establishing a right to relief should be resolved by the court's refusal to sustain the objections. See *Ellenbogen v. PNC Bank N.A.,* 731 A.2d 175 (Pa. Super. 1999).

This court has but one preliminary objection to decide, one of first impression in the County of Butler. Defendants maintain that plaintiffs' claim for filial consortium is not a recognized claim in Pennsylvania and should be stricken. With this assertion, the court agrees.

In plaintiffs' third amended complaint in civil action, damages are being claimed under the Wrongful Death Act for "Loss of services, consortium and contribution, which the decedent would have rendered during his lifetime had he not been killed by the conduct of the defendants." See plaintiffs' third complaint in civil action at p. 10 paragraph no. 32(a) and p. 16 paragraph no. 41(a). Defendants wish to have paragraph nos. 32(a) and 41(a) stricken from the complaint. It has been held that a cause of action based on the loss of consortium is limited to spouses and does not extend to the loss of a child's consortium. *Quinn v. Pittsburgh,* 243 Pa. 521, 90 A. 353 (1914); *Jackson v. Tastykake Inc.,* 437 Pa. Super. 34, 40, 648 A.2d 1214, 1217 (1994); *Schroeder v. Ear, Nose and Throat Associates of Lehigh Valley Inc.,* 383 Pa. Super. 440, 557 A.2d 21 (1989). This is because consortium is defined as "the legal right of one *spouse* to the company, affection, and assistance of and to *sexual relations[hip]* with the other." *Machado v. Kunkel,* 804 A.2d 1238, 1244 (Pa. Super. 2002) (emphasis in original) (quoting Webster's Collegiate Dictionary, 10th edition (1998)). With this is mind, plaintiffs are prohibited from claiming a loss of consortium, as it is not a recognized claim in Pennsylvania. To the extent that plaintiffs are requesting damages for loss of consortium, defendants' motion is granted.

This court now turns to the remainder of plaintiffs' claim, "loss of services and contribution." In deciding this issue, the court reviewed a number of sources including the Wrongful Death Act. Plaintiffs are claiming damages under the Wrongful Death Act of July 9, 1976, 42 Pa.C.S. §8301 and the amendments thereto. In pertinent part, the Act reads as follows:

"*(a) General rule.*—An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

"*(b) Beneficiaries.*—Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased, whether or not citizens or residents of this Commonwealth or elsewhere. The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth."

The purpose of the Wrongful Death Act is to allow individuals to "recover for damages for the death of an individual caused by the wrongful act . . . of another." 42 Pa.C.S. §8301(a). The Act goes on to state that the "right of action created by this section shall exist only for the benefit of the spouse, children, or parents of the deceased." 42 Pa.C.S. §8301(b). It is clear by the words of the Act that the plaintiffs, as the parents of the decedent, are entitled to recovery. "[O]ur courts have recognized that under the Wrongful Death Act, children can recover for losses occasioned by the death of their parents." *Machado v. Kunkel,* 804 A.2d 1238, 1244-45 (Pa. Super. 2002). (footnote omitted) Being this to be the state of the law, why would the inverse not also be true, so that

parents would be allowed to recover for the loss of their children?

*Blair v. Mehta,* 67 D.&C.4th 246 (2004), presents a situation that is on point with the case at bar. *Blair v. Mehta* is a common pleas case in Lycoming County. In *Blair,* the plaintiffs, the parents of decedent, filed a wrongful death action premised on medical negligence. Defendants in this case filed preliminary objections in opposition to plaintiffs' claim for "damages [for] the loss of companionship, society, comfort, guidance, solace and protection [that the decedent] would have provided her parents." *Id.* at 256. Preliminary objections were decided June 10, 2004. Not only were the preliminary objections in opposition to the claim denied, but also the theory behind the decision was so firm that it is obligatory upon this court. The court in *Blair* based its decision on, among other cases, *Spangler v. Helm's New York-Pittsburgh Motor Express,* 396 Pa. 482, 153 A.2d 490 (1959), a Pennsylvania Supreme Court case in which the court concluded, "All these things—such as companionship, comfort, society, guidance, solace, and protection . . . are the things for which a wrongdoer must pay . . . ." *Blair, supra* at 259 (quoting *Spangler, supra*). The court in *Blair* stated, "[C]ommon sense dictates that the damages suffered by the parents for the loss of their child's society and comfort may be [recovered] under the Wrongful Death Statute for the same reasons recognized in *Spangler* . . . ." *Blair, supra* at 263.

In the case at bar, plaintiffs are seeking to recover for the loss they have sustained from the death of their child. It is true that there may be emotional aspects to this loss, but the law in Pennsylvania is clear that, "[N]o recovery has been allowed in wrongful death actions for grief and

mental suffering resulting from the loss of a decedent." *Papieves v. Kelly,* 437 Pa. 373, 380, 263 A.2d 118, 122 (1970). Although the plaintiffs cannot recover for emotional hardship, they are allowed to recover, by words of the Act, for the monetary hardship that may be incurred. Conversely, "[t]he damages recoverable under the Wrongful Death Act are not limited solely to the loss of the decedent's monetary contributions which the survivors have been denied. The Wrongful Death Act permits recovery for the pecuniary value of the loss of services and included among those services is the providing of society and comfort." *Blair, supra* at 260, citing *Rittenhouse v. Hanks,* 777 A.2d 1113, 1119 (Pa. Super. 2001), *appeal denied.* The court in *Spangler* found that "the services that a child may have provided a parent go beyond that which a housekeeper could supply and may involve taking the parents to church, the store, on vacation, or various activities which, were it not for the child's attention and care, the parent would never enjoy." *Blair, supra* at 263, citing *Spangler.*

"The monetary value of [actual companionship in the way of physical activity, which had been provided by the decedent to the survivors,] is recoverable, or in the words of *Spangler,* the loss of the bestowed benefits the deceased had given the survivors are to be appropriately compensated in a wrongful death action as a pecuniary loss." *Blair v. Mehta,* 67 D.&C.4th 246, 262 (2004). The plaintiffs are bringing a claim under the Wrongful Death Act and, if all elements are proven, could warrant recovery for the plaintiffs. While there may be similarities between the types of services recoverable under the Wrongful Death Action and the definition of consortium, they are not one and the same. *Id.* at 266.

Consequently, this court concludes that the word "consortium" is to be stricken from plaintiffs' third amended complaint in civil action at p. 10 paragraph no. 32(a) and p. 16 paragraph no. 41(a). Plaintiffs are, however, allowed to claim damages for loss of services and contribution.

Accordingly, we enter the following:

## ORDER

And now, December 30, 2004, upon consideration of the defendants', Glenn O. Hawbaker Inc. and Jody E. Clark, preliminary objections to plaintiffs' third amended complaint in civil action and brief in support of preliminary objections to plaintiffs' third amended complaint in civil action, plaintiffs' response to defendants' preliminary objections to plaintiffs' third amended complaint in civil action and brief in opposition to preliminary objections to plaintiffs' third amended complaint in civil action, after hearing oral argument thereon, and in accordance with the foregoing memorandum opinion, it is hereby ordered that plaintiffs are prohibited from claiming a loss of consortium and, to the extent that plaintiffs are requesting damages for "loss of consortium," defendants' motion is granted, therefore, the word consortium is to be stricken from paragraph nos. 32(a) and 41(a), respectively. Plaintiffs are, however, allowed to claim damages for loss of services and contribution as set forth in the above designated paragraphs.