855 A.2d 753

DEPARTMENT OF PUBLIC WELFARE and
Clarks Summit State Hospital, Appellees,

v.

Lena SCHULTZ, Individually and as Executrix of the
Estate of Steven Schultz, Deceased, Appellant.

Supreme Court of Pennsylvania.

Argued April 13, 2004.

Decided Aug. 18, 2004.

Vincent Cimini, Scranton, Sal Cognetti, Jr., for Lena Schultz.

Paul A. Lauricella, David Adam Yanoff, James Edwin Beasley, Philadelphia, for Pennsylvania Trial Lawyers Association.

Calvin Royer Koons, Harrisburg, for Department of Public Welfare.

Before CAPPY, C.J., and CASTILLE, NIGRO, SAYLOR, EAKIN and BAER, JJ.

## OPINION

Justice EAKIN.

Appellant, Lena Schultz, appeals from the order of the Commonwealth Court reversing the order of the trial court denying appellees' motion for judgment on the pleadings. We affirm.

Appellant's son Steven Shultz was an adult patient at Clarks Summit State Hospital. On the evening of January 4, 1999, he walked out of the hospital through an unlocked door when his attendant's attention was momentarily diverted. Despite a search, decedent was not found until the next day, frozen to death approximately one-half mile from the hospital.

Appellant instituted wrongful death[1] and survival actions against appellees. The parties settled the survival action and agreed that appellees would file a motion for judgment on the pleadings to resolve the questions of whether a parent can recover non-pecuniary losses resulting from a child's death within the context of a wrongful death action and whether sovereign immunity is a bar to recovery against appellees. The trial court denied the motion, finding that "since it is not absolutely clear as a matter of law that such damages are not recoverable, judgment on the pleadings is inappropriate and must be denied." Memorandum and Order, 9/3/02, at 8. The trial court certified its interlocutory order for immediate appeal, pursuant to Rule 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b). Appellees filed a petition for permission to appeal

---

1. Appellant sought recovery of the following non-pecuniary losses: comfort, society, love, affection, companionship, support, and friendship.

to the Commonwealth Court pursuant to Pennsylvania Rule of Appellate Procedure 1311(b); the court granted the request.

The Commonwealth Court reversed, agreeing appellant's action was not barred by sovereign immunity, but it concluded a parent may not recover non-pecuniary losses under the Wrongful Death Act.[2]  *Department of Public Welfare v. Schultz*, 822 A.2d 876, 878 (Pa.Cmwlth.2003). This Court granted review to determine if such losses are recoverable.

Appellant contends that, as decedent's parent, she is entitled to recover non-pecuniary damages from the Commonwealth under the Wrongful Death Act. Because damages are sought from the Commonwealth, recovery under the Wrongful Death Act must be examined in the context of the Sovereign Immunity Act.[3] Thus, we do not resolve the issue of whether the Wrongful Death Act, outside the context of sovereign immunity, permits recovery of such damages in a suit against a private party.

Generally, suits against the Commonwealth are not permissible. Exceptions to the general proscription against suing the Commonwealth are provided in 42 Pa.C.S. § 8522. Section 8522(a) provides:

> The General Assembly ... does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

**2.** 42 Pa.C.S. § 8301 provides, in pertinent part, that damages may be recovered by a parent for the death of a child caused by the wrongful act or neglect of another. 42 Pa.C.S. § 8301(a), (b).

**3.** The Sovereign Immunity Act bars actions against the Commonwealth for damages from negligent acts unless such immunity has been waived. 42 Pa.C.S. § 8501 *et seq.*

42 Pa.C.S. § 8522(a). Appellant argues the limitations of the Sovereign Immunity Act apply only to common law rather than statutory claims against the Commonwealth. We find no merit to this argument where the plain language of the Act provides the limitations of § 8522 and the limitations on damages of § 8528 apply in all suits against the Commonwealth arising "under the common law or a statute."

Sovereign immunity is waived where damages result from medical-professional liability. *Id.* § 8522(b)(2). However, pursuant to § 8528(c), only the following damages may be recovered:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions).

*Id.* § 8528(c). Of the available damages recoverable under § 8528(c), appellant's claim for non-pecuniary losses could only fall into the loss of consortium category.

Damages for loss of consortium are available only to spouses, and do not include a parent's loss of society and companionship of her child. *See Cleveland v. Johns–Manville Corp.,* 547 Pa. 402, 690 A.2d 1146, 1149 (1997) (claim for loss of consortium arises from marital relationship); *Quinn v. Pittsburgh,* 243 Pa. 521, 90 A. 353, 354 (1914) (only spouse may recover for loss of companionship). Because a parent cannot bring an action for loss of consortium resulting from the death of her child, appellant is barred under the Sovereign Immunity Act from bringing an action against the Commonwealth for non-pecuniary losses.

Appellant relies on two Commonwealth Court decisions, *Huda v. Kirk,* 122 Pa.Cmwlth. 129, 551 A.2d 637 (1988), and *Quinn v. PennDOT,* 719 A.2d 1105 (Pa.Cmwlth.1998), in support of her assertion that because children are permitted to recover non-pecuniary damages from the Commonwealth, parents should be allowed as well. In *Huda,* although the court recognized damages for loss of consortium are recoverable against the Commonwealth in a wrongful death action, the court incorrectly held that both decedent's husband and children may recover for the loss of decedent's comfort and society. *Huda,* at 638–39. *Huda* failed to recognize that only the husband is permitted to recover for loss of consortium, a claim founded on the marital relationship.

The Commonwealth Court in *Quinn* concluded damages for loss of a parent's guidance, tutelage, and moral upbringing were recoverable by a child, not under a general theory of loss of consortium but as damages allowable under the Wrongful Death Act. *Quinn,* at 1109–10. However, this case failed to recognize that damages recoverable against the Commonwealth under the Wrongful Death Act are subject to the limitations of 42 Pa.C.S. § 8528(c). We reiterate that here, the Wrongful Death Act must be tempered by the context of the Sovereign Immunity Act.

Appellant further relies on this Court's decision in *Tulewicz v. SEPTA,* 529 Pa. 584, 606 A.2d 425, 426 (1991), where we held damages, including those for the loss of guidance, tutelage, and general upbringing of the decedent's daughter awarded pursuant to the Wrongful Death Act, were not excessive. Following the grant of reargument, this Court held the Sovereign Immunity Act and its statutory cap on damages was applicable because SEPTA was a Commonwealth agency. *Tulewicz,* 529 Pa. 588, 606 A.2d 427, 430–31. This Court, however, did not address whether damages for the loss of guidance, tutelage, and general upbringing of a child could be awarded against a Commonwealth agency.

Therefore, given the plain language of the Sovereign Immunity Act, we hold a parent may not recover non-pecuniary losses from the Commonwealth resulting from the death of a

child because such action is barred by the Act. Thus, we affirm the order of the Commonwealth Court prohibiting the recovery of such damages.

Order affirmed. Jurisdiction relinquished.

Justice NEWMAN did not participate in the consideration or decision of this case.

Justice SAYLOR files a concurring opinion in which Justice NIGRO joins.

Chief Justice CAPPY concurs in the result.

SAYLOR, Justice concurring.

I join the majority opinion, as the common-law precedent of this Court (of which the General Assembly is presumed to be aware in crafting legislation), limits consortium claims to the spousal setting. I note only that, to the extent that the majority opinion relies on a plain meaning approach, I am in alignment insofar as this connotes plain meaning as informed by the common-law development. Absent this context, I would tend toward the broader view of consortium, as reflected, for example, in Black's Law Dictionary, which includes filial and parental consortium under the general definition. *See* BLACK'S LAW DICTIONARY 304 (7th ed.1999); *see also Brandon ex rel. Estate of Brandon v. County of Richardson,* 261 Neb. 636, 624 N.W.2d 604, 625 (2001) ("This court has consistently recognized that in an action for wrongful death of a child, recoverable damages include parental loss of the child's society, comfort, and companionship."). In this regard, and in fairness, I also acknowledge that the contrary interpretation is not without support outside of the Pennsylvania common law. *See, e.g.,* BLACK'S LAW DICTIONARY 958 (defining "loss of consortium" as the "loss of benefits that one spouse is entitled to receive from the other").

Justice NIGRO joins this concurring opinion.