## Raspanti v. Hendricks

*Clifford Bidlingmaier III,* for plaintiff.
*Melanie Bork,* for defendant Hendricks.
*David M. Ginsberg,* for defendant Tabolsky.
*Elizabeth Dupuis,* for defendant Hendricks/Tabolsky Investments.
*Chena L. Glenn-Hart,* for defendant Continental Real Estate Management Inc.

GRINE, *P.J.,* May 4, 2010—Presently before the court are motions for summary judgment filed by defendant Continental Real Estate and defendant Rodney Hendricks and Hendricks/Tabolsky Investments.

## DISCUSSION

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law: (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2. Defendant Continental Real Estate's motion for summary judgment is based on their assertion that they were not managing 500 East Beaver Ave. at the time of the fire at issue and therefore had no duty to plaintiff. Continental also claims that if they did have a duty at that time, they did not breach that duty. The party moving for summary judgment has the burden of proving that no genuine issue of material fact exists. *Accu-Weather Inc. v. Prospect Communications,* 435 Pa. Super. 93, 644 A.2d 1251 (1994). The court finds that whether or not Continental had a duty, and what time period that duty encompassed, is an issue of material fact, and this issue is disputed by plaintiff. The court may grant summary judgment only where, examining the record in the light most favorable to the non-moving party, the moving party's right to it is clear and free from doubt. *Blackman v. Federal Realty Investment Trust,* 444 Pa. Super. 411, 415, 664 A.2d 139, 141 (1995). The court does not believe that defendant Con-

tinental Real Estate has established that their right to summary judgment is clear and free from doubt, therefore, summary judgment is denied.

Defendant Rodney Hendricks, individually and Hendricks/Tabolsky Partnership also filed a motion for summary judgment. Hendricks claims that there is no evidence that Hendricks breached a duty, that there is no evidence of negligence, that punitive damages are improper in this case, that there is no evidence of pain and suffering, and that a loss of consortium claim is unavailable. "[W]ith all summary judgment cases, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Ertel v. Patriot-News Company,* 544 Pa. 93, 98-99, 674 A.2d 1038, 1041 (1996), citing *Pennsylvania State University v. County of Centre,* 532, Pa. 142, 144-45, 615 A.2d 303, 304 (1992). The court finds that there are obvious issues of material fact as to whether Hendricks breached a duty, whether Hendricks was negligent and whether there is evidence of pain and suffering. Plaintiffs withdrew their claim for punitive damages without prejudice. An order to that effect was entered on April 21, 2010.

The court does agree with Hendricks that plaintiff cannot make a claim for loss of consortium. "Damages for loss of consortium are available only to spouses, and do not include a parent's loss of society and companionship of her child." *Department of Public Welfare v. Schultz,* 579 Pa. 164, 168, 855 A.2d 753, 755 (2004). Plaintiff's claim that the issue was not settled in *Depart-*

*ment of Public Welfare v. Shultz,* because the Superior Court states "Thus, we do not resolve the issue of whether the Wrongful Death Act, outside the context of sovereign immunity, permits recovery of such damages in a suit against a private party." *Id.* at 167, 855 A.2d at 754. Following that statement, the Superior Court goes on to explain why a parental loss of consortium is not available. Additionally, the Commonwealth Court has since agreed with defendant Hendricks' view of the *Shultz* decision. The Commonwealth Court specifically found that "under *Schultz,* parents may not recover for non-economic loss of consortium of a child." *Vrabel v. Commonwealth,* 844 A.2d 595, 600 (Pa. Commw. 2004). The court finds that the current state of the law in Pennsylvania does not allow a parent to recover under a theory of loss of consortium stemming from the death of a child. Therefore the court grants defendant Hendricks' motion for summary judgment as it pertains to plaintiff's loss of consortium claim and dismisses the loss of consortium claim with prejudice.

## ORDER

And now, May 4, 2010 the court enters the following order:

(1) Defendant Continental Real Estate's Motion for Summary Judgment is denied.

(2) Defendant Hendricks' motion for summary judgment is denied except as it pertains to plaintiff's loss of consortium claim. Defendant Hendricks's motion for summary judgment as it pertains to plaintiff's loss of consortium claim is granted and plaintiff's loss of consortium claim is dismissed with prejudice.