**Jay EBERSOLE, Administrator of the Estate of Stephanie Jo Ebersole, Deceased**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 2015.

Decided March 12, 2015.

Carol Ann VanderWoude, Philadelphia, for appellant.

Emily Beth Marks, Philadelphia, for appellee.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, MARY HANNAH LEAVITT, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge LEAVITT.

This Court has granted Southeastern Pennsylvania Transportation Authority (SEPTA) permission to appeal an interlocutory order of the Court of Common Pleas of Philadelphia County (trial court). The trial court's order denied, in part, SEPTA's motion for partial judgment on the pleadings, thereby allowing the parents of Stephanie Jo Ebersole (Decedent) to pursue their claim for non-pecuniary losses resulting from her death. SEPTA argues that the Sovereign Immunity Act bars a parent from recovering non-pecuniary damages resulting from a child's death and, thus, the trial court erred. We agree and reverse the trial court's order on this point.

Jay Ebersole, Administrator of the estate of Decedent, has commenced a wrongful death and survival action against SEPTA. The amended complaint alleges that Decedent, an adult, fell from the platform to the train tracks at SEPTA's Lombard–South station in Philadelphia. She was electrocuted and remained on the tracks for several hours until she was struck by a train, which caused her death.

The amended complaint seeks damages under Section 8301 of the Judicial Code, commonly known as the Wrongful Death Act. It provides in full:

(a) General rule.—An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

(b) Beneficiaries.—Except as provided in subsection (d), *the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased,* whether or not citizens or residents of this Commonwealth or elsewhere. *The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy* and without liability to creditors of the deceased person under the statutes of this Commonwealth.

(c) Special damages.—In an action brought under subsection (a), the plaintiff shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical,

funeral expenses and expenses of administration necessitated by reason of injuries causing death.

(d) Action by personal representative.— If no person is eligible to recover damages under subsection (b), *the personal representative of the deceased may bring an action to recover* damages for reasonable hospital, nursing, medical, *funeral expenses and expenses of administration* necessitated by reason of injuries causing death.

42 Pa.C.S. § 8301(a)-(d) (emphasis added). The amended complaint seeks wrongful death damages on behalf of Decedent's father, *i.e.*, Administrator, her mother, Donna Ebersole, and her sister, Stacey Morahan. The amended complaint seeks damages for the

> pecuniary value of support, services, lost wages and comfort that [Decedent] would have provided had she lived as well as for the reimbursement of medical expenses, funeral expenses and other expenses incurred in connection with her death.

Amended Complaint ¶ 16, Reproduced Record at 24a (R.R. ——).

SEPTA moved for partial judgment on the pleadings to limit the scope of the plaintiffs' wrongful death claim. SEPTA argued, first, that Decedent's sister was not a statutory beneficiary under Section 8301(b) of the Wrongful Death Act. Second, it argued that Decedent's parents were not entitled to funeral expenses or non-pecuniary losses otherwise authorized by the Wrongful Death Act because such damages are barred by sovereign immunity.

Commonwealth agencies are generally immune from tort liability, and the plaintiffs acknowledge that SEPTA is a Commonwealth agency. Under the statute commonly known as the Sovereign Immunity Act, 42 Pa.C.S. §§ 8521–8528, the General Assembly has waived immunity for certain types of claims. Even where immunity is waived, however, damages are limited. The relevant statutory provision states as follows:

(a) General rule.—Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.

(b) Amount recoverable.—Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of any plaintiff or $1,000,000 in the aggregate.

(c) Types of damages recoverable.— Damages shall be recoverable only for:

(1) Past and future loss of earnings and earning capacity.

(2) Pain and suffering.

(3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.

(4) Loss of consortium.

(5) Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions).

42 Pa.C.S. § 8528(a)-(c).

The trial court agreed with SEPTA that Decedent's sister was not a statutory beneficiary under Section 8301(b) of the Wrongful Death Act and, also, that funeral expenses are not recoverable under the Sovereign Immunity Act. Accordingly, it granted SEPTA's motion for partial judg-

ment on the pleadings on these claims. However, the trial court held that the Sovereign Immunity Act did not bar the recovery of non-pecuniary losses sought by Decedent's parents.

In *Department of Public Welfare v. Schultz*, 579 Pa. 164, 855 A.2d 753 (2004), our Supreme Court held that a parent cannot bring an action for non-pecuniary losses against a Commonwealth agency. The trial court acknowledged this holding. Nevertheless, it concluded that *Schultz* has been called into question by *Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa.Super.2010). In certifying its order for immediate appeal, the trial court stated that

whether a parent can recover non-pecuniary damages from a Commonwealth party resulting from a child's death within the context of a wrongful death action—involves a controlling question of law as to which there is a *substantial ground for difference of opinion* and that an immediate appeal from the Order may materially advance the ultimate termination of this case.

Trial court order of August 29, 2014 at 1 (emphasis added).

▮ SEPTA argues that there are no grounds, let alone a substantial one, for "a difference of opinion." *Schultz*, it emphasizes, has conclusively addressed and answered the question at hand, *i.e.*, whether parents may recover non-pecuniary damages from a Commonwealth agency in a wrongful death action. The answer is a firm "no." We agree.

In *Schultz*, the decedent, a mentally challenged adult patient at Clarks Summit State Hospital, walked out of the hospital and died from exposure to the cold. His mother instituted a wrongful death action against the Department of Public Welfare and the State Hospital.[1] The Common-

wealth defendants filed a motion for judgment on the pleadings to resolve whether a parent can recover non-pecuniary losses resulting from a child's death. Specifically, the decedent's mother sought recovery for "comfort, society, love, affection, companionship, support, and friendship" of her child. *Schultz*, 855 A.2d at 754 n. 1. The trial court denied the Commonwealth's motion for summary relief, and this Court reversed. Our Supreme Court then affirmed this Court.

The Supreme Court explained that suits against the Commonwealth are permissible only where the legislature has expressly waived immunity. Further, even where sovereign immunity has been waived, only specific damages may be recovered under Section 8528(c) of the Sovereign Immunity Act, 42 Pa.C.S. § 8528(c). These damages include loss of earnings, pain and suffering, medical expenses, loss of consortium, and property losses. *Id.* Of the damages listed in Section 8528(c), the plaintiff argued that her non-pecuniary losses arising from her son's death fell into the "loss of consortium" category. The Supreme Court rejected this argument because only a spouse can recover damages for loss of consortium. It concluded that

[b]ecause a parent cannot bring an action for loss of consortium resulting from the death of her child, [the mother] is barred under the Sovereign Immunity Act from bringing an action against the Commonwealth for non-pecuniary losses.

*Id.* at 755. The Supreme Court cautioned that its holding was not intended to "resolve the issue of whether the Wrongful Death Act, outside the context of sovereign immunity, permits recovery of such damages in a suit against a private party." *Id.* at 754. Its holding was limited to dam-

1. The mother also filed a survival action which was settled by the parties.

ages recoverable under the Sovereign Immunity Act.

Administrator explains that, more recently, the Superior Court has decided that the Wrongful Death Act permits a parent to recover non-pecuniary losses. *See Rettger v. UPMC Shadyside*, 991 A.2d 915 (Pa.Super.2010), *petition for allowance of appeal denied*, 609 Pa. 698, 15 A.3d 491 (2011). In so holding, the Superior Court observed that the parents' non-pecuniary loss claim was similar to a loss of consortium.

In *Rettger*, UPMC Shadyside appealed a jury verdict holding the hospital negligent in the death of an adult patient and awarding $2.5 million on the claim of wrongful death. One of the issues raised on appeal by the hospital was that the verdict was excessive because the decedent was unmarried, without children and only provided limited services to his parents when he visited them on weekends. Faulting the hospital for not offering any legal authority to support its position, the Superior Court held that under the Wrongful Death Act, family members may recover "the value of his services, including society and comfort." *Id.* at 932. The Superior Court rejected the idea that "services" included only the value of household chores and concluded that the term extended to "the profound emotional and psychological loss suffered upon the death of a parent or a child where the evidence establishes the negligence of another as its cause." *Id.* The Superior Court explained that "the definition of compensable services for the purpose of the [wrongful] death statute is

similar to the definition of consortium as that term is applied in other negligence claims." *Id.* at 932–33 (quoting *Machado v. Kunkel*, 804 A.2d 1238, 1245 (Pa.Super.2002)).

■ SEPTA responds that *Rettger* is irrelevant. First, it did not involve the Sovereign Immunity Act, as did *Schultz* and as does this case. Second, *Rettger* is inapposite. It merely answers the question left open in *Schultz*, *i.e.*, whether non-pecuniary damages can be recovered by a parent where the Sovereign Immunity Act is not implicated. In any case, SEPTA notes that a decision of the Superior Court cannot overrule a Supreme Court decision.[2] Administrator responds that *Rettger* is a ground-breaking case because it clarified that a parent's loss of a deceased child's companionship is the equivalent of a loss of consortium. It argues, essentially, that "loss of consortium," as used in the Sovereign Immunity Act, should be defined as "loss of compensable services."

*Schultz* specifically examined whether a parent could recover non-pecuniary losses "from the Commonwealth ... in the context of the Sovereign Immunity Act." *Schultz*, 855 A.2d at 754. The Supreme Court specifically excepted from the reach of its holding the issue of whether a parent could recover non-pecuniary damages under the Wrongful Death Act "outside the context of sovereign immunity ... in a suit against a private party." *Id.* Administrator makes much of the one sentence in the *Rettger* decision that compares a parent's loss of companionship to a loss of consortium.[3] *Rettger* simply provides the Superi-

---

2. It goes without saying that the Superior Court may not overrule our Supreme Court. *See, e.g., Fiore v. White*, 562 Pa. 634, 757 A.2d 842, 847 (2000) (a court decision remains law unless it is reversed by a court of greater jurisdiction or overruled by a court of equal jurisdiction.).

3. *Rettger* refers to the *Machado* citation. In *Machado*, 804 A.2d 1238, a child was awarded damages for the death of her father. The trial court instructed the jury that it could award damages for "parental consortium." *Id.* at 1243. On appeal, the Superior Court observed that Pennsylvania does not recog-

or Court's answer to the question not resolved in *Schultz,* *i.e.,* whether parents may recover non-pecuniary damages under the Wrongful Death Act against a private party.

SEPTA is a Commonwealth agency, and *Schultz* controls. The Superior Court's observation that loss of compensable services is comparable to loss of consortium is irrelevant to the meaning of the Sovereign Immunity Act. The meaning of "loss of consortium" is quite clear, and it has been definitively construed by our Supreme Court to mean damages available only to a spouse, not a parent.

Accordingly, the order of the trial court denying SEPTA's motion for partial judgment on the pleadings with respect to the recovery of non-pecuniary losses sought by the parents of Decedent is reversed.

### ORDER

AND NOW, this 12th day of March, 2015, the Order of the Court of Common Pleas of Philadelphia County, dated July 1, 2014, denying in part Southeastern Pennsylvania Transportation Authority's motion for partial judgment on the pleadings is REVERSED.

Jurisdiction relinquished.

CONCURRING OPINION BY Senior Judge FRIEDMAN.

I agree with the majority that under the circumstances of this case, we are bound by *Department of Public Welfare v. Schultz,* 579 Pa. 164, 855 A.2d 753 (2004), and must, therefore, reverse. I write separately to note that, were we not bound by

*Schultz,* I would affirm the order of the esteemed trial judge.

Had the defendant been a private entity, Decedent's parents would have been permitted to pursue their claim for non-pecuniary damages resulting from their child's death. As the majority acknowledges, *Schultz* left open the question of whether a parent can recover non-pecuniary damages where the Sovereign Immunity Act is not implicated. More recently, the Pennsylvania Superior Court addressed that question and concluded that parents can recover damages for the loss of companionship and society resulting from the death of a child under the Wrongful Death Act. *See Rettger v. UPMC Shadyside,* 991 A.2d 915, 932–33 (Pa.Super.2010); *accord Hatwood v. Hospital of the University of Pennsylvania,* 55 A.3d 1229, 1236 (Pa.Super.2012). In so holding, the Superior Court equated loss of services under the Wrongful Death Act with loss of consortium, noting that "the term services ... clearly extends to the profound emotional and psychological loss suffered upon the death of a parent or a child where the evidence establishes the negligence of another as its cause." *Rettger,* 991 A.2d at 933.

While I recognize that a Superior Court decision cannot overrule a Pennsylvania Supreme Court decision, I believe that the Superior Court's more recent interpretation of consortium is consistent with current public policy. The *Schultz* Court narrowly defined loss of consortium as a loss of society and companionship between spouses. *Schultz,* 855 A.2d at 755. However, societal definitions of marriage and

nize a right to parental consortium and that it was "wrong" for the trial court to use the term "consortium" to describe the child's loss. *Id.* at 1244. Nevertheless, it concluded that the Wrongful Death Act permits a child to recover for the loss of companionship, comfort, society and guidance of a parent.

Accordingly, the Superior Court held that the trial court's use of the term "parental consortium" to describe the child's loss to the jury adequately described the loss of services permissible under the Wrongful Death Act, and it upheld the jury instruction challenged on appeal.

family have changed considerably since 2004. It is only logical that loss of consortium, as used in the Sovereign Immunity Act, should be expanded to include other types of non-pecuniary losses that have been recognized under the law, including the loss of society and companionship resulting from the death of a child. Perhaps the Pennsylvania Supreme Court or the Pennsylvania legislature will revisit this important issue in light of *Rettger* and pervasive societal changes that have called *Schultz's* definition of consortium into question. I certainly hope so.