# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward J. Ewing and Mark E. : 
Zooner, Sr., and Tiffany Sawyers, : 
Co-Administrators of the Estate : 
of Trudy Zooner, Deceased : 
  : 
  v. : No. 1471 C.D. 2016 
  : Argued: April 5, 2017 
Brian D. Potkul; and Commonwealth : 
of Pennsylvania, Department of : 
Transportation : 
  : 
Appeal of: Commonwealth of : 
Pennsylvania, Department of : 
Transportation : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ROBERT E. SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE JULIA K. HEARTHWAY, Judge[1]
             HONORABLE JOSEPH M. COSGROVE, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: September 27, 2017

      The Pennsylvania Department of Transportation (PennDOT) appeals an order of the Court of Common Pleas of Fayette County (trial court) that sustained in part, and overruled in part, PennDOT's preliminary objections to a six-count complaint filed on behalf of the Estate of Trudy J. Zooner (Estate).[2]  At

---

[1] This case was decided before Judge Hearthway's term ended on September 1, 2017.

[2] The administrators of the Estate of Trudy J. Zooner are Mark E. Zooner, husband of Decedent, and Tiffany Sawyers, daughter of Decedent.  The complaint, which has six counts, also includes claims filed by Edward J. Ewing, driver of the vehicle in which Decedent died.

issue here is the trial court's ruling upon PennDOT's demurrer to Count VI of the complaint, which asserted a claim under the statute commonly known as the Wrongful Death Act[3] on behalf of the husband, mother, and three adult daughters of Trudy J. Zooner (Decedent). The trial court held that Decedent's mother and daughters could not seek "non-pecuniary" damages but could seek "pecuniary damages" under the Wrongful Death Act for the loss of Decedent's future services and financial contributions. PennDOT argues that these so-called pecuniary damages are barred by the provisions of the Judicial Code commonly known as the Sovereign Immunity Act.[4] We agree and reverse the trial court's order holding otherwise.

## Background

On February 21, 2015, Decedent was a passenger in a vehicle driven by Edward J. Ewing northerly on State Route 3014 in Fayette County. A vehicle traveling south lost control on a patch of ice, crossed over the center line of Route 3014 and collided with the vehicle occupied by Ewing and Decedent. As a result of the collision, Ewing sustained serious injuries, and Decedent was killed. Decedent's Estate brought, *inter alia*, a claim under the Wrongful Death Act against PennDOT alleging Decedent's death was caused by PennDOT's negligence in allowing water to accumulate and freeze on State Route 3014. Complaint, Count VI, ¶¶52, 53. The Estate made identical claims of negligence by PennDOT

---

[3] 42 Pa. C.S. §8301.

[4] 42 Pa. C.S. §§8521-8528.

2

in a companion survival action[5] filed on behalf of Decedent. Complaint, Count V, ¶¶45-50.

In its wrongful death claim, the Estate, on behalf of Decedent's husband, mother, and three daughters, sought damages for the following:

a. Lost income and financial support which would have reasonably expected to have been received from the [] Decedent during her lifetime;

b. Deprivation of the common society, companionship, services, contributions, tutelage, and education due to the death of the [] Decedent;

c. Entitlement to reasonable costs of any and all hospital, medical, funeral, burial and estate administrative expenses and other pecuniary losses due to the death of the [] Decedent;

d. All damages allowed under the Pennsylvania Wrongful Death Statute/Law.

Complaint, ¶¶55, 56. The survival action filed by the Estate on behalf of Decedent, sought damages for:

a. The permanent deprivation of the [Decedent's] health, strength and vitality;

b. The permanent deprivation of the [Decedent's] earnings and earning capacity; and

c. The mental and physical pain, suffering, inconvenience, shock, emotional and mental anguish, distress, terror, fright, anticipation of death and loss of life's pleasures that [Decedent] endured from the moment of injury until the time of her death.

Complaint, ¶50.

---

[5] Section 8302 of the Judicial Code, 42 Pa. C.S. §8302, authorizes a decedent's estate to bring claims which the decedent could have brought had she lived.

3

PennDOT filed a preliminary objection in the nature of a demurrer to the Estate's wrongful death claim. PennDOT asserted that: (1) loss of consortium damages are only recoverable by a decedent's spouse and (2) the Sovereign Immunity Act bars Decedent's mother and daughters from recovering damages for the loss of future income and financial support.

Before the trial court, the Estate conceded that loss of consortium damages were available only to Decedent's spouse. Accordingly, the trial court sustained PennDOT's preliminary objection to the loss of consortium claims of Decedent's mother and daughters. Trial Court Opinion, 7/12/2016, at 5. However, the trial court held that the Sovereign Immunity Act did not bar Decedent's mother and daughters from recovering "pecuniary losses." The trial court reasoned that income and financial support constituted "earnings," the loss of which can be recovered under Section 8528(c)(1) of the Sovereign Immunity Act (relating to loss of earnings and earning capacity). Accordingly, the trial court overruled PennDOT's demurrer to the Estate's claims for "pecuniary damages."

PennDOT petitioned the trial court to certify its order for immediate appeal under Section 702(b) of the Judicial Code. 42 Pa. C.S. §702(b).[6] The trial

---

[6] Section 702(b) provides:

> (b) Interlocutory appeals by permission.--When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa. C.S. §702(b).

court granted PennDOT's petition, and this Court allowed PennDOT's appeal to consider the following issue:

> In a wrongful death action against a Commonwealth defendant, may a parent or child recover damages for the value of the services the decedent would have performed for them, and for the financial support that the decedent would have provided them?

*Ewing v. Potkul* (Pa. Cmwlth., No. 1471 C.D. 2016, filed October 3, 2016) (order granting permission to appeal). On April 5, 2017, an *en banc* panel of this Court heard argument by the parties. The matter is now ready for disposition.

## Analysis

The Wrongful Death Act authorizes a spouse, child, or parent of a decedent to recover tort damages from the party responsible for the wrongful death of the decedent. 42 Pa. C.S. §8301.[7] The Superior Court has explained the purpose of the Act as follows:

---

[7] The statute provides:

> (a) General rule.--An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.
>
> (b) Beneficiaries.--Except as provided in subsection (d), the right of action created by this section shall exist only for the benefit of the spouse, children or parents of the deceased, whether or not citizens or residents of this Commonwealth or elsewhere. The damages recovered shall be distributed to the beneficiaries in the proportion they would take the personal estate of the decedent in the case of intestacy and without liability to creditors of the deceased person under the statutes of this Commonwealth.

**(Footnote continued on the next page . . .)**

5

> The purpose of the Wrongful Death Statute ... is to compensate the decedent's survivors for the pecuniary losses they have sustained as a result of the decedent's death. This includes the value of the services the victim would have rendered to his family if he had lived. *A wrongful death action does not compensate the decedent; it compensates the survivors for damages which they have sustained as a result of the decedent's death….* Under the wrongful death act the widow or family is entitled, in addition to costs, to compensation for the loss of the contributions decedent would have made for such items as shelter, food, clothing, medical care, education, entertainment, gifts and recreation.

*Amato v. Bell & Gossett*, 116 A.3d 607, 625 (Pa. Super. 2015) (quoting *Hatwood v. Hospital of the University of Pennsylvania*, 55 A.3d 1229, 1235 (Pa. Super. 2012)) (emphasis added). Here, the Estate alleges that PennDOT was responsible for the wrongful death of Decedent by reason of its negligence.

Commonwealth agencies are generally shielded from tort liability under the doctrine of sovereign immunity. 1 Pa. C.S. §2310.[8] However, the

---

**(continued . . .)**

> (c) Special damages.--In an action brought under subsection (a), the plaintiff shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death.

> (d) Action by personal representative.--If no person is eligible to recover damages under subsection (b), the personal representative of the deceased may bring an action to recover damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death.

42 Pa. C.S. §8301.

[8] Section 2310 of the Pennsylvania Consolidates Statutes, added by the Act of September 28, 1978, P.L. 788, reaffirmed the doctrine of sovereign immunity:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune

**(Footnote continued on the next page . . .)**

General Assembly has waived sovereign immunity for eight specific types of tort claims, such as those stemming from dangerous conditions of highways under the jurisdiction of Commonwealth agencies. *See* 42 Pa. C.S. §8522(b)(4) (stating that the Commonwealth may be liable for "[a] dangerous condition of…highways under the jurisdiction of a Commonwealth agency…"). Even where sovereign immunity to a tort claim is waived, damages for such torts are limited. The relevant statutory provision states:

> (a) General rule.--Actions for which damages are limited by reference to this subchapter shall be limited as set forth in this section.
>
> (b) Amount recoverable.--Damages arising from the same cause of action or transaction or occurrence or series of causes of action or transactions or occurrences shall not exceed $250,000 in favor of any plaintiff or $1,000,000 in the aggregate.
>
> (c) Types of damages recoverable.--Damages shall be recoverable only for:
>
>> (1) Past and future loss of earnings and earning capacity.
>>
>> (2) Pain and suffering.
>>
>> (3) Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and

**(continued . . .)**
from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.
1 Pa. C.S. §2310.

7

> necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued and anticipated in the diagnosis, care and recovery of the claimant.
>
> (4)  Loss of consortium.
>
> (5)  Property losses, except that property losses shall not be recoverable in claims brought pursuant to section 8522(b)(5) (relating to potholes and other dangerous conditions).

42 Pa. C.S. §8528.

In short, when considering a wrongful death claim brought against a Commonwealth agency, we examine the claim through the lens of the Sovereign Immunity Act. To recover against a Commonwealth agency, the damages sought must be authorized by the Wrongful Death Act *and* by Section 8528(c) of the Sovereign Immunity Act.

The same is true for a survival action brought against the Commonwealth or its agencies. Section 8302 of the Judicial Code, commonly known as the Survival Act, authorizes a decedent's estate to assert claims that the decedent could have asserted had he lived. Specifically, the Survival Act states that "all causes of actions…real or personal, shall survive the death of the plaintiff." 42 Pa. C.S. §8302.[9] A decedent's claims are not extinguished by death but, rather, may be recovered by his estate. The Supreme Court has described a survival action as one

---

[9] Section 8302 states, in full:

> All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants.

42 Pa. C.S. §8302.

brought by the administrator of the decedent's estate in order to recover the loss to the estate of the decedent resulting from the tort [and] [t]he measure of damages awarded...includ[ing] the decedent's pain and suffering, the loss of gross earning power from the date of injury until death, and the loss of his earning power - less personal maintenance expenses, from the time of death through his estimated working life span.

*Kiser v. Schulte*, 648 A.2d 1, 4 (Pa. 1994) (internal citations omitted). As with a wrongful death claim, damages sought in a survival action against the Commonwealth must be authorized by both the Survival Act *and* the Sovereign Immunity Act.

With this statutory paradigm in mind, we turn to the merits of PennDOT's appeal. It contends that the loss of a decedent's future services and future financial support are not damages that can be recovered from a Commonwealth agency. The Estate responds that case law precedent has authorized parents and children to recover such damages in a wrongful death action. We begin with a review of those cases.

In *Huda v. Kirk*, 551 A.2d 637 (Pa. Cmwlth. 1988), the decedent's husband and minor children brought wrongful death and survival actions against the Commonwealth. The complaint sought the following damages: "pecuniary losses, loss of value of services of the decedent, and the loss of comfort and society of the decedent." *Id.* at 638. This Court distinguished a wrongful death action, which compensates survivors, from a survival action, which compensates the decedent. We explained:

Included in plaintiffs' complaint, *inter alia*, are a wrongful death count and a survival count. The two actions allow two separate and distinct recoveries. *An action for wrongful death compensates losses sustained by living individuals as a result of the decedent's death.* A survival action, on the other hand, is brought by the decedent's personal representative seeking to

9

recover those damages the decedent could have recovered had he or she survived; any recovery passes through the decedent's estate. The two actions most often overlap when lost earnings and earning power are involved. *In a survival action, the estate is entitled to recover "the loss of earning power less personal maintenance expenses from the time of decedent's death through decedent's estimated working lifespan" Any amounts the decedent would have contributed to the spouse and children for their support are recoverable under the wrongful death action*; any amounts so awarded, however, must be subtracted from the survival action recovery to avoid duplication of damages.

*Id.* at 638-39 (internal citations omitted) (emphasis added).

We explained further that both wrongful death and survival actions against the Commonwealth are limited by the Sovereign Immunity Act. Damages for "past and future loss of earnings and earning capacity" are recoverable in the survival action. 42 Pa. C.S. §8528(c)(1). "Loss of consortium" damages are recoverable in the wrongful death action. 42 Pa. C.S. §8528(c)(4). We held that the decedent's husband *and minor children* could recover *as consortium damages* the following:

> the loss of the value of decedent's services, the loss of the decedent's comfort and society and any contributions decedent would have made to the plaintiffs from her income.

*Huda*, 551 A.2d at 639.

In *Vrabel v. Department of Transportation*, 844 A.2d 595 (Pa. Cmwlth. 2004), the decedent's parents brought a wrongful death action against PennDOT seeking damages for the loss of their child's services. A jury awarded the parents $50,000. PennDOT appealed, arguing the damages should be stricken. This Court agreed and reversed the award of damages. We acknowledged that *Huda* held that damages for loss of a decedent's services were recoverable against

10

the Commonwealth in a wrongful death action. However, the parents in *Vrabel* had not presented evidence sufficient to establish the value of the decedent's lost services; this made the jury's award speculative. Accordingly, the wrongful death damage award to the decedent's parents was stricken.

Thereafter, our Supreme Court decided *Department of Public Welfare v. Schultz*, 855 A.2d 753 (Pa. 2004). In *Schultz*, the decedent's mother instituted a wrongful death action against a Commonwealth agency. The plaintiff sought damages for the loss of her son's comfort, society, love, affection, companionship, support, and friendship. The Supreme Court held that the decedent's mother was barred by the Sovereign Immunity Act from recovering these damages. It explained that:

> *[o]f the available damages recoverable under §8528(c), [mother's] claim for non-pecuniary losses could only fall into the loss of consortium category. Damages for loss of consortium are available only to spouses*, and do not include a parent's loss of society and companionship of her child. Because a parent cannot bring an action for loss of consortium resulting from the death of her child, [mother] is barred under the Sovereign Immunity Act from bringing an action against the Commonwealth for non-pecuniary losses.

*Id.* at 755 (internal citations omitted) (emphasis added). *Schultz* abrogated *Huda* and *Vrabel* to the extent these cases allowed anyone other than a decedent's spouse to recover damages for loss of consortium.

In the case *sub judice*, the trial court reasoned that the Supreme Court's decision in *Schultz* had a limited impact on *Vrabel* and *Huda*. The trial court drew a line between pecuniary and non-pecuniary damages:

> The *Vrabel* Court acknowledged precedent included "a claim for 'loss of the value of decedent's services' among damages recoverable against the Commonwealth in a wrongful death

11

action." *See Huda* [551 A.2d 637], abrogated on other grounds by [*Schultz*, 855 A.2d 753]. Notably, *Schultz* did not address claims for pecuniary losses, but rather overruled *Huda* on non-pecuniary losses under 42 Pa. C.S. §8528(c)(4) relating to loss of consortium. As such, the holdings of *Vrabel* and *Huda* are still the law of this Commonwealth with respect to pecuniary losses.

Trial Court Opinion, 7/12/2016, at 3-4. We agree with the trial court that *Schultz* limited loss of consortium damages to a decedent's spouse. We disagree, however, with the trial court's premise that *Vrabel* and *Huda* were largely unaffected by our Supreme Court's holding in *Schultz*.

*Huda* held that a spouse and minor children could recover for "loss of the value of decedent's services" and "contributions decedent would have made ... from her income" as a type of loss of consortium damages under 42 Pa. C.S. §8528(c)(4). *Huda*, 551 A.2d at 639. Thereafter, *Vrabel*, relying on *Huda*, extended these damages to the parent of the decedent. In short, both parents and children could recover for the loss of a decedent's services and future financial contributions as loss of consortium, or "non-pecuniary," damages.[10] However, this analysis was discredited by the Supreme Court's decision in *Schultz*.

*Schultz* held, without equivocation, that loss of consortium damages cannot be recovered by a parent or child of the decedent. What has not been answered is the question presented here: whether the loss of a decedent's services and financial contributions can be recovered as another "type of damages recoverable" under Section 8528(c) of the Sovereign Immunity Act. 42 Pa. C.S. §8528(c). The trial court answered the question by holding that the Estate

_____

[10] The term "non-pecuniary damages" is largely recognized as a synonym for loss of consortium damages. The term "pecuniary damages," however, has no such counterpart.

> pled pecuniary damages that are recoverable under the Wrongful Death Act and the Sovereign Immunity Act when they sought compensation for "lost income and financial support," being a *type of damage derivative from "past and future loss of earnings and earning capacity"* provided in the Sovereign Immunity Act as to a Commonwealth entity.

Trial Court Opinion, 7/12/2016, at 4 (emphasis added). Stated otherwise, the trial court held that the "pecuniary damages" sought by Decedent's mother and children constituted a form of "past and future earnings and earning capacity," the recovery of which is authorized by Section 8528(c). PennDOT asserts that the trial court erred.

PennDOT argues that damages for a *decedent's* lost earnings and earning capacity are generally recoverable by the decedent's estate in a survival action. In its survival action count, the Estate sought damages for the "permanent deprivation of [Decedent's] earnings and earning capacity." Complaint, ¶50(b). PennDOT argues that Decedent's mother and daughters may not recover similar damages because they did not lose either "earnings" or "earning capacity" as a result of Decedent's death.

PennDOT reasons that because the Sovereign Immunity Act does not define "earnings" and "earning capacity," they must be construed according to their common and approved usage. *See* 1 Pa. C.S. §1903(a) (stating "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage."). PennDOT argues that it is a reach to describe the services and support provided by a parent to a child as the child's "earnings." Likewise, children who lose a parent are not considered to have lost "earning capacity." The same is true, PennDOT argues, for the value of services and support rendered by a child to a parent.

13

"Earnings" are defined as "[r]evenue gained from labor or services, from the investment of capital, or from assets." BLACK'S LAW DICTIONARY 621 (10th ed. 2014). "Earning capacity" is defined as "a person's ability or power to earn money given the person's talent, skills, training, and experience." *Id.* PennDOT argues that Decedent's services and financial contributions were gifts, and the loss of future gifts is not an item of damages that can be recovered against a Commonwealth agency under the Sovereign Immunity Act.

The statute know commonly as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§8541-8542, governs actions against local governments. It authorizes a list of damages that is more expansive than the list of damages authorized against a Commonwealth agency. The Tort Claims Act states, in relevant part, as follows:

> (c)  *Types of losses recognized.--Damages shall be recoverable only for*:
>
>> (1)  *Past and future loss of earnings and earning capacity*.
>>
>> (2)  Pain and suffering in the following instances:
>>
>>> (i)   death; or
>>>
>>> (ii)  only in cases of permanent loss of a bodily function, permanent disfigurement or permanent dismemberment where the medical and dental expenses referred to in paragraph (3) are in excess of $1,500.
>>
>> (3)  Medical and dental expenses including the reasonable value of reasonable and necessary medical and dental services, prosthetic devices and necessary ambulance, hospital, professional nursing, and physical therapy expenses accrued

14

and anticipated in the diagnosis, care and recovery of the claimant.

    (4)   Loss of consortium.

    (5)   *Loss of support.*

    (6)   Property losses.

42 Pa. C.S. §8553(c) (emphasis added).

PennDOT argues that the difference between the Tort Claims Act and the Sovereign Immunity Act is telling. The Tort Claims Act specifically allows recovery of damages for "loss of support" as well as for "loss of earnings and earning capacity." 42 Pa. C.S. §8553(c)(1), (5). Each type of damage award is treated as separate, and each is authorized. If a decedent's future services and financial contributions constitute the "earnings" and "earning capacity" of the recipient, there would have been no reason to list "loss of support" along with "loss of earnings" as different types of damages recoverable under the Tort Claims Act. 42 Pa. C.S. §8553(c)(1), (5).

We agree with PennDOT. The services and financial support a decedent would provide a child or parent do not constitute the "earnings" or the "earning capacity" of the recipient. This loss is more accurately characterized as the "loss of support." The Legislature could have listed "loss of support" as one of the "types of damages recoverable" from a Commonwealth agency, as it did in the Tort Claims Act. But it did not do so. The only inference to be drawn is that the omission was intentional. We hold that damages for loss of the value of a decedent's services and financial contributions are not damages authorized in Section 8528(c)(1) of the Sovereign Immunity Act as "loss of earnings and earning capacity." 42 Pa. C.S. §8528(c)(1).

15

Alternatively, the Estate asserts the damages sought by Decedent's mother and daughters can be recovered as "property losses" under Section 8528(c)(5) of the Sovereign Immunity Act, 42 Pa. C.S. §8528(c)(5). The Estate argues that Decedent's services and financial support to her mother and daughters had a quantifiable monetary value, which constitutes "property."

We are unpersuaded. Under the Estate's proposed broad reading, all losses that can be assigned economic value constitute "property losses." All damages authorized in Section 8528(c) of the Sovereign Immunity Act can be given a monetary value. The Estate's overbroad reading of "property losses" would render the itemized list of the "types of damages recoverable" under Section 8528(c) superfluous. *See* 1 Pa. C.S. §1921(a) ("[e]very statute shall be construed, if possible, to give effect to all of its provisions.").

Last, the Estate argues, as a matter of policy, that disallowing surviving parents and children from collecting damages for the loss of future services and financial support in a wrongful death action is inconsistent with the evolving definition of a "family" in our society. The Estate asserts that many children are being raised in single-parent homes, and an increasing number of parents are receiving support from their children. To deny wrongful death damages for the loss of a decedent's financial support and services prevents children and parents from obtaining meaningful recovery against the Commonwealth in wrongful death actions.

The Estate concedes that a decedent's lost earnings can be recovered by parents and children through a survival action. It notes, however, that damages recovered in a survival action, unlike those recovered in a wrongful death action, are subject to the reach of the deceased's creditors. *Compare* 42 Pa. C.S. §8301(b)

16

*with* 42 Pa. C.S. §8302. Therefore, any recovery in a survival action could be substantially reduced during the estate administration process. The Estate asserts that the legislature could not have intended this unjust result. We decline to comment on the wisdom of the legislature in subjecting survival damages to claims of creditors while shielding wrongful death damages from such claims. The Estate's policy argument is better addressed to the General Assembly.

## Conclusion

For the above reasons, we hold that the Sovereign Immunity Act bars a parent or child of a decedent from recovering damages in a wrongful death action for the loss of the decedent's future services and financial support. Accordingly, we reverse the trial court's order insofar as it overruled PennDOT's preliminary objection to the claims of Decedent's mother and daughters for such damages. The trial court's order is affirmed in all other respects.

_____
MARY HANNAH LEAVITT, President Judge

Judge Cosgrove dissents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward J. Ewing and Mark E.    :
Zooner, Sr., and Tiffany Sawyers,  :
Co-Administrators of the Estate   :
of Trudy Zooner, Deceased      :
                                :
         v.            :   No. 1471 C.D. 2016
                                  :
Brian D. Potkul; and Commonwealth :
of Pennsylvania, Department of    :
Transportation                 :
                                :
Appeal of: Commonwealth of     :
Pennsylvania, Department of     :
Transportation                 :

## O R D E R

AND NOW, this 27th day of September, 2017 the order of the Court of Common Pleas of Fayette County dated August 11, 2016, in the above-captioned matter is REVERSED insofar as it overruled PennDOT's preliminary objection to Court VI of the complaint. The trial court's order is otherwise AFFIRMED.

                                          _____
                                          MARY HANNAH LEAVITT, President Judge